Simpson v. Jennings.

RICHARD D. SIMPSON ET AL., PLAINTIFFS IN ERROR, V. GEORGE JENNINGS ET AL., DEFENDANTS IN ERROR.

Set-off. A claim on the part of a defendant, which he will be entitled to set-off against the claim of a plaintiff against him, must be one upon which he could, at the date of the commencement of the suit, have maintained an action on his part against the plaintiff.

THIS cause came before the court at the January term, 1882, and is reported with a statement of facts in 12 Neb., 558. After reversal here, the defendants below, by an amended answer, claimed as a set-off the judgment referred to in the opinion. To this set-off the plaintiffs demurred, the demurrer was sustained, and evidence of said set-off also excluded, to which rulings the defendants excepted, and judgment being rendered against them before POUND, J., they brought the cause here by petition in error.

*Edwin F. Warren*, for plaintiffs in error, cited: § 104, Code. *Boyer v. McCandless*, 3 Neb., 161. *Thrall v. Hotel Co.*, 5 Neb., 295. *Lindsay v. Jackson*, 2 Paige, 582. *Pond v. Smith*, 4 Conn., 302. *Gilman v. Van Slyck*, 7 Cow., 469. Id., 480. *Gridley v. Garrison*, 4 Paige, 647. Waterman on Set-off, chap. VIII.

*S. H. Calhoun,* for defendants in error, cited, *inter alia:* Barbour Set-off, 91. *Davis v. Neligh,* 7 Neb., 88. *O'Leary v. Iskey,* 12 Neb., 137. Waterman Set-off, §§ 414–416. *Martin v. Kunzmuller,* 37 N. Y., 396. *Henry v. Butler,* 32 Conn., 140. *Frazier v. Gibson,* 7 Mo., 271. *Houston v. Fellows,* 27 Vt., 634. *Reed v. Chubb,* 9 Iowa, 178. *Taylor v. Williams,* 14 Wis., 155. *Straus v. Eagle Ins. Co.,* 5 Ohio State, 59.

COBB, CH. J.

The main question presented by the record in this case is the alleged error of the court below in refusing to allow the set-off presented by the defendants therein in their amended answer. This set-off consists of a judgment recovered against George Jennings and Anna Maria Jennings, in her lifetime, by one John Dill, and which said judgment come to the hands of the plaintiffs in error, other than the said Richard D. Simpson, by assignment of the said John Dill, since the commencement of said action in the court below.

The question thus distinctly raised is found upon examination not quite so easy of solution as the writer supposed when it was announced at the hearing that the case probably turned on this point. The defense of set-off is a statutory one, although many usually careful courts have spoken of set-off at common law, notably the circuit court of the United States for the first circuit, per Judge Story, in *Hurlbert v. Pac. Ins. Co.,* 2 Sum., 471, and the supreme court of Wisconsin, per C. J. Dixon, in *Orton v. Noonan et al.,* 29 Wis. R., 541. The English statute, 2 Geo. II., chap. 22, § 13, is the pioneer which is followed to a greater or less extent by the statutes of most of the states; and I have found none that agree with it in its language, and have found scarcely two of them that agree with each other. It will accordingly readily be seen that cases arising under

these differing provisions of the statutes of the several states upon a point purely statutory are of little value as authority. The provisions of our statute of set-off are copied literally from the Ohio statute. Although their statute of set-off has often been construed by the supreme court of that state, yet I can not find a single case where the precise point now under consideration has been before that court. The case of *Straus v. Eagle Ins. Co.*, 5 Ohio State, 59, cited by counsel for defendants in error, was submitted to that court on an agreed state of facts, from which it appeared that the notes, which it was sought to set-off against the policy of insurance sued on, had been given by the plaintiffs to several of their creditors in New York, and upon which there was then due about $3,000, were endorsed by the holders to the defendant company before the commencement of the suit and in accordance with a written agreement made with the secretary of the company, which, after acknowledging the transfer of the notes, and reciting that they were purchased for the purpose of paying off and discharging the amount due upon the policy, bound the company to pay therefor the sum of $2,000, provided they could be made available for that purpose; but if the amount due upon the policy had been assigned, so that it could not be paid with the notes, and the company were unable to set-off the same against the claim, then the company was authorized to return the notes in discharge of the said sum of $2,000, etc. The opinion of the court by Judge Ranney holds that, the insurance company had no power under its charter to use its surplus funds in buying up the notes of its policy-holders to set-off against their demands for losses; that to allow it to do so would be contrary to public policy, etc.; and finally concludes in the following language:

"It becomes unnecessary to consider the further question as to the right of the defendant to use these notes as a set-off under the conditional agreement upon which they were

43

obtained. I shall only add that a set-off can only be allowed for such claims as, in good faith and absolutely, belonged to the party at the commencement of the action; and that it does not extend to claims purchased conditionally for the purpose of using them as a set-off, and with an agreement to return them to the seller if they are not so used. The statute was designed to avoid circuity of actions, by enabling the defendant to obtain the benefit of his own joint claims against the plaintiff; but it would be a fraud upon it, to allow him, in anticipation of a law-suit, to get the use merely of the claims of others with which to defeat his adversary." The set-off was disallowed.

In the case of *Orton v. Noonan et. al., supra,* C. J. Dixon in the opinion says: "We see nothing in the statute concerning counter-claims, nor in the provision last referred to, which indicate an intention on the part of the legislature to depart from the familiar common law principle that a cause of action, whether sued upon by a plaintiff or pleaded in offset by a defendant, must be one existing and upon which a right of recovery had accrued when the action commenced. * * * If the motion was for leave to interpose an equitable counter-claim arising out of the contract or transaction set forth in the complaint since the commencement of the action, then perhaps a different question would be presented. It might then possibly be that the rules of practice or mode of proceeding should be the same as govern a court in equity, notwithstanding the demand against which the counter-claim is interposed is a legal one, and the action one at law. Counsel has cited us to no case where such a counter-claim has been allowed by way of supplemental answer; and the former practice in equity we know was for the defendant to bring in his cross bill; and the old equity practice as to when a complainant could file a supplemental bill charging new facts occurring after the original bill was filed is also well known. The new facts must have been such as went to support and strengthen

the allegations of the original bill, and could not be such as amounted to the statement of a new and distinct cause of action. The office of the supplemental complaint was to bring upon the record new facts of the former kind; but if the original complaint was wholly defective, and without equity, the plaintiff could not, by filing a supplemental complaint founded on matters which had taken place subsequent to the commencement of the suit, sustain the proceeding originally commenced."

In the case of *Cook v. Mills*, 5 Allen, 37, C. J. Bigelow thus defines a set-off: "A debt for which an action might be maintained by the defendant against the plaintiff; that is, a debt for a certain specific pecuniary amount, and recoverable in an action *ex contractu*. It is in a strict sense a 'cross' debt or demand due to the defendant unconnected with the plaintiff's claim, so that it could not be shown in payment or reduction of the amount due thereon at common law." He adds, "As the main purpose of the statute of set-off was to allow a defendant to establish his debt against the plaintiff without resorting to a separate action, and thus to avoid multiplicity of suits, it seems to us that the case at bar is one which comes clearly within the equity as well as the letter of the statute."

The consideration of the reasoning of the above cases, with many others which it is not deemed necessary to cite, brings me to the conclusion that a claim on the part of a defendant which he will be entitled to set-off against the claim of a plaintiff against him must be one upon which he could, at the date of the commencement of the suit, have maintained an action on his part against the plaintiff.

The other points made in the petition in error not being urged in the brief of plaintiff in error will not be considered.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.