LEWIS TESSIER, PLAINTIFF IN ERROR, V. LOCKWOOD ENGLEHART & CO., DEFENDANTS IN ERROR.

1. **Attachment:** AFFIDAVIT IN LANGUAGE OF STATUTE. The grounds or causes for the issuance of an order of attachment, being divided and separated into nine groups or subdivisions in the section of the statute providing therefor, each group or subdivision constitutes but one ground or cause, and the whole of either one of such groups or subdivisions may be stated in the language of the statute in an affidavit for an order of attachment, although it contains more than one distinct allegation separated from each other by the disjunctive conjunction *or*. When more than one of such groups or subdivisions are used in an affidavit they should be united by the conjunction *and*.

2. ———: ———: SUFFICIENCY. Where from the record before the court it appears that the person who made the affidavit for an order of attachment is the plaintiff or one of several plaintiffs, the attachment will not be quashed, although the affidavit contains no direct allegation that the affiant is the plaintiff or one of the plaintiffs.

3. ———: PART OF DEBT NOT DUE. It is not a fatal objection to an attachment that it may be deducible from an examination of the petition or bill of particulars that some part of the amount stated in the affidavit for attachment is not yet due.

4. ———: FAILURE OF ORDER TO STATE CLAIM OF PLAINTIFF NOT FATAL. In an action for goods, wares, and merchandise, it is not a fatal objection to an order of attachment issued therein that the same fails to state the plaintiff's claim, so as to show whether or not the defendant is entitled to the maximum of exemption against the same.

5. **Set-off.** A claim on the part of a defendant which he will be entitled to set off against the claim of a plaintiff must be one upon which he could at the date of the commencement of the suit have maintained an action on his part against the plaintiff. *Simpson v. Jennings*, 15 Neb., 671.

6. **Foreign Judgment.** The judgment of a foreign court against a person domiciled in this state, where it appears by the record that no personal service of process was had upon such defendant, and that he made no appearance to the action, will not have *full* force and effect in this state.

ERROR to the district court for Gage county.    Tried below before BROADY, J.

T. D. Cobbey, J. E. Cobbey, and W. H. Ashby, for plaintiff in error, on insufficiency of affidavit for attachment, cited : Wray v. Gilman, 1 Miles, 75.   Culbertson v. Cabeen, 29 Tex., 247.    Maxwell's Justice, 1883 Ed., 185.·   Maxwell's Pl. & Pr., 3d Ed., 499-500.    Stacy v. Stichton, 9 Iowa, 399.    Kigel v. Schrenklenin, 37 Mich., 174.    Drake Attachment, § 104.    Wray v. Gilmore, 1 Miles, Pa., 75. Barnard v. Sibre, A. K. Mar., 580.   Willis v. Lyman, 22 Tex., 268.    On debt not due, cited : Cross v. McMackin, 17 Mich., 511.    Drake, § 107.   On foreign judgment, cited : Davenport v. Barnett, 51 Ind., 329.   Story Confl. Laws, 8th Ed., 821.    Mason v. Butchell, 101 U. S., 638. U. S. v. Denny, 6 Biss., 501.    Child v. Powder Works, 45 N. H., 547.    McGilvray v. Avery, 30 Vt., 538.    Barnes v. Gibbs, 31 N. J. Law, 320.

Burke & Prout and Hazlett & Bates, for defendants in error, cited : Ellison v. Tallon, 2 Neb., 15.    Tallon v. Ellison, 3 Neb., 73.    Hilton v. Ross, 9 Id., 409.    Drake, §§ 102, 418.    Tessier v. Crowley, 16 Neb., 369.    King v. Vance, 46 Ind., 246.    Maxwell v. Stewart, 22 Wall., 77. Waples Attachment, § 3, and cases cited in note 1.

COBB, CH. J.

This action was commenced by the defendants in error against the plaintiff in error in the district court of Gage county, to recover the sum of $1,963.19, claimed to be due from plaintiff in error to defendants in error.   At the time of commencing the action plaintiffs therein also filed an affidavit and undertaking for an order of attachment against the property of the defendant therein, which was issued, and property attached thereon.    The defendant in said

action filed his motion in the district court to dissolve the attachment and discharge the attached property, for reasons therein stated, which motion was overruled. Defendant then filed his answer; a trial was had to a jury, with a verdict and judgment for the plaintiffs. A motion for a new trial being overruled, the defendant brings the cause to this court on error. The first error assigned is, "that the court erred in overruling the motion to dissolve the attachment and discharge the attached property."

The affidavit for the order of attachment is set out in the record as follows:

"STATE OF NEBRASKA, }
    "GAGE COUNTY.       }

"John A. Johnson, one of the plaintiffs, being first duly sworn, deposes and says that he has commenced an action in the district court of Gage county against Louis Tessier, to recover the sum of $1,963.19 now due and payable to the plaintiffs from the defendant on account for goods, wares, and merchandise sold and delivered by the plaintiffs to the defendant, at his special instance and request.

" Affiant says that the said claim is just, and he ought as he verily believes to recover thereon the sum of $1963.19, and that the defendant, Louis Tessier, has assigned, removed, or disposed of his property, or is about to dispose of his property, or a part thereof, with the intent to defraud his creditors, and has rights of action which he conceals." Subscribed and sworn to.

The provision of statute under which the said order of attachment was issued is as follows:

" Sec. 198. The plaintiff in a civil action for the recovery of money may, at or after the commencement thereof, have an attachment against the property of the defendant, and upon the grounds herein stated: *First.* When the defendant, or one of several defendants, is a foreign corporation or a non-resident of this state; or *Second.* Has absconded with the intent to defraud his creditors; or *Third.*

Has left the county of his residence to avoid the service of a summons; or *Fourth.* So conceals himself that a summons cannot be served upon him; or *Fifth.* Is about to remove his property or a part thereof out of the jurisdiction of the court with the intent to defraud his creditors; or *Sixth.* Is about to convert his property or a part thereof into money for the purpose of placing it beyond the reach of his creditors ; or *Seventh.* Has property or rights in action which he conceals ; or *Eighth.* Has assigned, removed, or disposed of, or is about to dispose of his property or a part thereof with the intent to defraud his creditors; or *Ninth.* Fraudulently contracted the debt or incurred the obligation for which suit is about to be brought." *   *

Here are nine distinct grounds or causes, upon either of which an order of attachment may issue.   Some of them embrace but one allegation, while others, and most of them, are compound in their character ; but whether single or compound, each one contains but a single cause of action, and it cannot be urged as an objection to an affidavit or pleading under this section that it contains disjunctive language, as long as it contains but one of said grounds or causes of action, and substantially follows the language of the statute.   The *eighth* subdivision or group of grounds or causes of action contains five allegations, separated by the disjunctive conjunction *or,* but in the meaning of the statute it embraces but one ground or cause for attachment.   No doubt if the affidavit contained two of the statutory groupings of grounds or causes separated by a disjunctive conjunction, the objection, reasoning, and authorities of counsel for plaintiff in error would be applicable and unanswerable, but such is not the case.

Counsel also object to the affidavit for attachment, because the affiant does not state that he is one of the plaintiffs therein in direct language, but only by way of recital. The statute requires the affidavit to be made by the "plaintiff, his agent, or attorney."   Of course where there

is more than one plaintiff it can be made by either one of them, and simultaneously with the filing of the affidavit was also filed the petition in the case, whereby it appears that John A. Johnson was one of the plaintiffs. But it is sufficient for the purposes of this case to say that this objection was never brought to the attention of the district court. Had it been the petition as well as the balance of the record being before the court, it would, doubtless, have been overruled.

The second point is not relied upon in the brief, and will not be considered.

The third objection to the affidavit for attachment is, that it states plaintiffs "ought to recover the sum of $1,963.19 now due and payable," while the petition shows that there was only $1,637.88 due at the time of the commencement of the action. This constitutes no objection to the proceedings, but if the plaintiffs in the court below knowingly and willfully attached a greater amount of goods than was necessary to pay their debt then due, with costs and expenses, they would probably be liable in damages.

The fourth objection is, that the plaintiff's claim is not stated in the order of attachment as it is in the affidavit. The contention of counsel is, that the statute requires the order of attachment to contain a statement of the nature as well as the amount of the plaintiff's claim, to the end that the sheriff may know whether the defendant is entitled to the maximum exemption against the same or not. This view of the statute is certainly ingenious and worthy of consideration. But I do not think that the defendant in the case at bar can take advantage of any failure of the order to state the nature of plaintiff's claim even if counsel's view of the statute be adopted. The most that could be said of it is, that by failing to state the nature of the plaintiff's claim they admit that defendant is entitled to the maximum exemption.

The fifth point of error is, that the court below refused to allow defendant to prove his counter-claim, which consisted wholly of a claim for damages caused by the taking of the defendant's goods on the order of attachment issued in the case on trial, and the breaking up of defendant's business, which resulted therefrom. In the pleading itself the defendant does not designate it as a counter-claim, but rather as a defense to plaintiff's cause of action; but upon the trial, as appears by the bill of exceptions and in the brief, it is claimed to be a counter-claim.

The statute defines a counter-claim as follows: "The counter-claim mentioned in the last section must be one existing in favor of a defendant and against a plaintiff, between whom a several judgment might be had in the action, and arising out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim, or connected with the subject of the action." Sec. 101, Code of Civil Procedure.

Now "the contract or transaction set forth in the petition as the foundation of the plaintiff's claim," and "the subject of the action" in the case at bar is the purchase and sale of goods at sundry times between July 19th and December 20th, 1882, both inclusive. The counter-claim is based upon matters and transactions claimed to have occurred subsequently to the commencement of the suit in March, 1883.

In the case of *Simpson v. Jennings*, 15 Neb., 67, we had occasion to examine the subject of counter-claim, and upon due consideration, and upon authorities there cited, the law was stated as follows: "A claim on the part of a defendant, which he will be entitled to set-off against the claim of a plaintiff, must be one upon which he could at the date of the commencement of the suit have maintained an action, on his part, against the plaintiff."

The sixth point urged by plaintiff in error in the brief of counsel arises upon the refusal of the court below to

admit in evidence upon the trial the transcript of a judg-
ment rendered by the superior court of Cook county in the
state of Illinois.

The third plea or paragraph of the defendant's answer
is in the following words: "The defendant for a third de-
fense to this action further alleges that the plaintiffs herein
did, on the 9th day of May, 1883, in the superior court of
Cook county, Illinois, recover a judgment against the de-
fendant herein for the sum of nineteen hundred and sixty-
three and $\frac{19}{100}$ dollars, upon the same cause of action set
forth in plaintiff's petition, and upon which plaintiff's
cause of action is founded, and said judgment remains a
valid judgment unsatisfied and unappealed from," etc.

This defense was demurrable in not alleging either that
the superior court of Cook county, Illinois, is a court of
general jurisdiction, or that it had jurisdiction of the sub-
ject matter of said judgment, or of the person of said de-
fendant. Said court being a foreign tribunal, in the sense
of the law and authorities, such allegation was necessary,
and its absence could be taken advantage of either by de-
murrer or by objection to the introduction of testimony
under that paragraph of the answer, and perhaps in other
ways.

Upon examination of the record offered, it appears that
while the judgment is in due form of a personal judgment,
yet there was no personal service on the defendant, nor
indeed any proof of constructive service, which either this
or the district court could recognize. Yet, if it be con-
ceded that the court rendering the judgment offered in evi-
dence was a court of general jurisdiction, there having
been no personal service on the defendant, he being domi-
ciled in another state than that of the court, and having
made no appearance in the action, the judgment in what-
ever form could have no extra territorial effect either as
evidence or otherwise. See Story on Conf. of Laws, 8
Ed., note 6, pp. 809 and 810, and authorities there cited.

The admission of the record offered in evidence was therefore properly refused.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.