JOSEPH W. SHABATA ET AL. V. JOHN R. JOHNSTON ET AL.

FILED DECEMBER 9, 1897.    No. 7615.

1. **Appearance: JURISDICTION.** A defendant who has voluntarily submitted his person to the jurisdiction of a district court cannot afterwards be heard by answer to question such jurisdiction.

2. **Banking Corporations: EVIDENCE OF EXISTENCE.** A finding adverse to the contention that a banking corporation had ceased to exist by lapse of time will be sustained where, on each side, the evidence is of like character with a preponderance in favor of the finding rather than against it.

3. **Set-Off.** A claim on the part of a defendant, which he will be entitled to set off against the claim of a plaintiff against him, must be one upon which such defendant could, at the date of the commencement of the suit, have maintained an action on his part against the plaintiff.

4. **Joint Assignments of Error.** A joint assignment of errors, in a petition in error made by two or more persons, which is not good as to all who join therein must be overruled as to all.

5. **Bills and Notes: Rights of Purchasers.** Where, upon a sufficient consideration moving to himself, a party has given his promissory note to the cashier of a bank to take up the indebtedness of another person due to said bank, such maker will be held liable to one who subsequently purchases said note, even after due; not necessarily because of any right to protection on account of being such purchaser, but because the note could be enforced by the bank for whose benefit it was originally made.

6. ———: ———: **Assets of Insolvent Bank.** In an action by the purchaser of a note sold to him by the receiver of an insolvent bank under an order of court directing such sale, the fact that the entire capital stock of such bank was held by its cashier at the time of the making of such note, or thereafter, constitutes no defense.

ERROR from the district court of Douglas county. Tried below before KEYSOR, J.   *Affirmed.*

The opinion contains a statement of the case.

*Hastings & McGintie, Hall & McCulloch, F. I. Foss,* and *W. R. Matson,* for plaintiffs in error:

The court erred in excluding evidence to sustain the allegations of the answer that the court was without jurisdiction. (*Coffman v. Bradhoeffer,* 33 Neb., 279; *Carlisle v. Corran,* 2 S. W. Rep. [Tenn.], 26.)

The court erred in not considering that the notes sued on were long overdue and were taken subject to all preexisting equities and defenses. (*Sturges v. Bank of Circleville,* 11 O. St., 153; *Haughton v. First Nat. Bank of Elkhorn,* 26 Wis., 663; *Merchants Bank v. Rudolf,* 5 Neb., 527; *First Nat. Bank of Cedar Rapids v. Erickson,* 20 Neb., 580; *Myers v. Bealer,* 30 Neb., 280; *Clute v. Frasier,* 58 Ia., 268.)

The agreement between Foss on the one side and Stevens and Johnston on the other, that a note should be executed for the full amount of another's indebtedness to the bank and signed by Stevens and Foss as a matter of accommodation to the bank, may be shown by parol evidence. (*Edney v. Willis,* 23 Neb., 56; *Davis v. Neligh,* 7 Neb., 78; *Bridge v. Johnson,* 5 Wend. [N. Y.], 355; *Morgan v. United States,* 113 U. S., 500; *Speck v. Pullman Pal-*

*ace Car Co.*, 121 Ill., 57; *Simons v. Morris*, 53 Mich., 155; *Wood v. McKean*, 64 Ia., 18.)

The court erred in not finding that the charter of the State Bank had expired and that it was not a corporation. (*Louisville Banking Co. v. Eisenman*, 21 S. W. Rep. [Ky.], 531; *Swift v. Smith*, 65 Md., 428.)

The corporation was extinct. (*Sturges v. Vanderbilt*, 73 N. Y., 384; *People v. Walker*, 17 N. Y., 503; *Greeley v. Smith*, 3 Story [U. S. C. C.], 657; *Eagle Chair Co. v. Kelsey*, 23 Kan., 632; *Krutz v. Paola Town Co.*, 20 Kan., 397; *Merrill v. Suffolk Bank*, 31 Me., 57; *Bank of Mississippi v. Wrenn*, 3 S. & M. [Miss.], 791.)

No title passed to the purchaser of the note until the performance of the condition on which it was held. (*Patrick v. McCormick*, 10 Neb., 1; *Roberson v. Reiter*, 38 Neb., 198; *Cincinnati, W. & Z. R. Co. v. Iliff*, 13 O. St., 235; *Worrall v. Munn*, 5 N. Y., 229; *Fairbanks v. Metcalf*, 8 Mass., 230; *Southern Life Ins. & Trust Co. v. Cole*, 4 Fla., 359; *Bank of Healdsburg v. Bailhache*, 65 Cal., 327; *Andrews v. Thayer*, 30 Wis., 228.)

A receiver is not a *bona fide* holder of negotiable instruments. (*Bates v. Wiggin*, 37 Kan., 44; *In re North American Gutta Percha Co.*, 17 How. Pr. [N. Y.], 549; *Lorch v. Aultman*, 75 Ind., 162; *Pittsburgh Carbon Co. v. McMillin*, 119 N. Y., 46; *Hope Mutual Life Ins. Co. v. Taylor*, 2 Rob. [N. Y.], 278; *Litchfield Nat. Bank v. Peck*, 29 Conn., 384.)

The rule of *caveat emptor* applies to receivers' sales. (High, Receivers, sec. 199*b*; Beach, Receivers, sec. 734; *Hackensack Water Co. v. De Kay*, 36 N. J. Eq., 549; *In re Third Nat. Bank*, 9 Biss. [U. S.], 535; *Alexander v. Relfe*, 74 Mo., 495; *Pringle v. Woolworth*, 90 N. Y., 511; *Barron v. Mullin*, 21 Minn., 374; *Foster v. Barnes*, 81 Pa. St., 377; *Manning v. Monaghan*, 23 N. Y., 544; *Arnold v. Weimer*, 40 Neb., 216.)

*Charles Offutt, contra:*

Defendants entered a general appearance, and proof of

want of jurisdiction was properly excluded. (*Aultman v. Steinan*, 8 Neb., 109; *Raymond v. Strine*, 14 Neb., 236.)

References as to question of escrow: *Wier v. Batdorf*, 24 Neb., 86; *Scott v. State Bank*, 9 Ark., 36; *Massmann v. Holscher*, 49 Mo., 87; *Henshaw v. Dutton*, 59 Mo., 139; *Jones v. Shaw*, 67 Mo., 667; *Walker v. Crawford*, 56 Ill., 449.

References to question of consideration and as to inadmissibility of evidence to show conditions on which the note was held: *Adams v. Wilson*, 12 Met. [Mass.], 138; *Barlow v. Ocean Ins. Co.*, 4 Met. [Mass.], 270; *Russell v. Cook*, 3 Hill [N. Y.], 504; *Yates v. Donaldson*, 61 Am. Dec. [Md.], 290; *Renwick v. Williams*, 2 Md., 356; *Jones v. Berryhill*, 25 Ia., 289; *Thompson v. Shepherd*, 12 Met. [Mass.], 311; *Allen v. First Nat. Bank*, 17 Atl. Rep. [Pa.], 886; *Kaserman v. Fries*, 33 Neb., 427; *Hubbard v. Marshall*, 50 Wis., 322; *Dickson v. Harris*, 60 Ia., 727; *Brouwer v. Appleby*, 1 Sandf. [N. Y.], 158; *Gillett v. Ballou*, 29 Vt., 296; *Brown v. Hull*, 1 Denio [N. Y.], 400; *McSherry v. Brooks*, 46 Md., 103; *Brown v. Spofford*, 95 U. S., 480; *Burnes v. Scott*, 117 U. S., 582.

The pretended escrow agreement was insufficient in law. Even if established it would constitute no defense. Whatever rights the receiver had passed to plaintiff. That plaintiff's purchase was made after maturity is immaterial. Set-off cannot be pleaded against the receiver. (*Harrington v. Connor*, 51 Neb., 214; *Barker v. Lichtenberger*, 41 Neb., 751; *Koehler v. Dodge*, 31 Neb., 337; *State v. Commercial State Bank*, 28 Neb., 677; *State v. Exchange Bank of Milligan*, 34 Neb., 198; *State v. Commercial & Savings Bank*, 37 Neb., 174; *Eastern Bank v. Capron*, 22 Conn., 639; *Haxtun v. Bishop*, 3 Wend. [N. Y.], 13; *Hayes v. Kenyon*, 7 R. I., 136; *Gillet v. Philips*, 13 N. Y., 114; *Alexander v. Relfe*, 74 Mo., 516; *Button v. Hoffman*, 61 Wis., 20; *Winona & St. P. R. Co. v. St. Paul & S. C. R. Co.*, 23 Minn., 359; *Baldwin v. Canfield*, 26 Minn., 43; *Millsups v. Merchants & Planters Bank*, 13 So. Rep. [Miss.], 903; *Louisville Banking Co. v. Eisenman*, 21 S. W. Rep [Ky.], 531; *Swift v. Smith*, 5 Atl. Rep. [Md.], 534; *Pitts-*

*burgh Carbon Co. v. McMillin,* 119 N. Y., 46; *Foley v. Holtry,*
41 Neb., 563; *In re Penn Bank,* 25 Atl. Rep. [Pa.], 310;
*Tuckerman v. Brown,* 33 N. Y., 297.)

RYAN, C.

In the district court of Douglas county there were
commenced two actions, in each of which John R. John-
ston and Frank H. Connor, receiver of the State Bank of
Nebraska at Crete, Nebraska, were plaintiffs. In one of
these Joseph W. Shabata and Fayette I. Foss were the
defendants, and in the other Mr. Foss was the sole de-
fendant. They were tried to the court upon evidence,
a large part of which was applicable to both cases.
There was a judgment against Mr. Foss and Mr. Shabata
in the sum of $3,014.34 in one case, and against Mr. Foss
in the other case in the sum of $11,638.89. To review
these judgments separate petitions in error have been
filed, but both are argued and submitted as in one case.
We shall not discuss whether the court by the service of
its summons obtained jurisdiction of the defendants, for
there was a voluntary submission to such jurisdiction
before its existence was denied by the answer.

The action against Shabata and Foss was instituted
upon a promissory note alleged to have been made by
the former to the latter and by the latter indorsed, "De-
mand and notice waived, F. I. Foss," and transferred to
the State Bank of Nebraska. John R. Johnston, by pur-
chase of the assets of the aforesaid bank from its receiver,
became the owner of this note and thereon brought suit
against the maker and the indorser above indicated. It
was contended by the defendants in the district court in
both actions that the State Bank of Nebraska had
originally been organized to exist twenty years and that
this period having expired, the bank had ceased to exist,
and that, therefore, John R. Johnston, by his purchase of
the two notes, had obtained no title. In the first place
we note that there was introduced in evidence no copy

of the original articles of incorporation of the bank in question. By oral evidence it was sought to be shown the ultimate fact above stated as to the organization of the bank; but by testimony of the same character it was shown that by an amendment of the articles of incorporation of this bank the period of its existence was extended so as to cover the transactions involved in this litigation. This latter testimony is corroborated by a copy of a record of the proceedings of the stockholders of said State Bank whereby an amendment extending the term of the existence of said bank was adopted, and it was shown that this amendment had been filed as required by law before the transactions under review took place. Not only was this the case, but it was shown, without question, that the bank had been adjudged insolvent; that a receiver therefor had been appointed, who had duly qualified, and under the direction of this court had sold the assets of the said bank to John R. Johnston, by whom, as such purchaser, the suits had been brought on the notes involved in these proceedings. In this condition of affairs it was proper to find that the transfer vested title in Johnston.

It is complained that the court did not find that Johnston as the purchaser of overdue paper did not stand in the same position as did George D. Stevens to whom Foss transferred the note of Shabata. There could be no question, from a consideration of the evidence, that the district court was fully justified in assuming that a concession of this position would not aid the defendants. It may be conceded, as Mr. Foss testified, that this note was originally placed in the bank with the express understanding between Foss and the cashier that an attorney's fee due Foss from J. R. Johnston and said cashier would be adjusted at a subsequent time instead of being deducted from the amount for which the note was given, but this is immaterial, for, on Mr. Foss' own statement, this fee was not owing to him by the bank. It is, however, insisted that this attorney's fee was properly

6

pleaded as a set-off to the right of Johnston to recover on this note against Foss. We shall assume, for the purposes of this case, that when Johnston brought suit on the note against Foss as an indorser, Foss might properly plead as a set-off against Johnston whatever right he had to recover attorney's fees due him from Johnston. It was shown, without leaving room for doubt, that, at the time the services as an attorney are claimed to have been rendered for Johnston, Foss was a member of the firm of Dawes & Foss, under articles of agreement which required payment of such fees to be made to said firm as such. Had an action been begun against Johnston it must have been on behalf of the firm of Dawes & Foss, for it was due to that firm and not to an individual member thereof. Since Foss could not have maintained an action in his own name for his own benefit for this attorney's fee, he could not plead and establish it as a set-off against a cause of action held by Johnston against him. (*Simpson v. Jennings*, 15 Neb., 671; *Wilbur v. Jeep*, 37 Neb., 604; *Burge v. Gandy*, 41 Neb., 149; *Richardson v. Doty*, 44 Neb., 73.)

It is complained that the district court excluded proof that the words "demand and notice waived" were not on the note of Shabata when Foss placed his indorsement thereon. There was no motion for a new trial filed by Shabata. The petition in error was filed by Shabata and Foss jointly. The assignment that the waiver of demand and notice was not on the note when it was indorsed and that Foss never consented to those words being placed over his indorsement was one which was available to Foss alone. It has been repeatedly held by this court that a joint assignment of errors in a petition in error, made by two or more persons, which is not good as to all who join therein must be overruled as to all. (*Gordon v. Little*, 41 Neb., 250; *Harold v. Moline, Milburn & Stoddard Co.*, 45 Neb., 618; *Small v. Sandall*, 45 Neb., 306.) This assignment, therefore, raises no question which we can consider. The trial was to the court;

hence the assignments with reference to the admission of incompetent evidence in either of the two cases under consideration will not be considered. This principle is so well settled in this court that it requires no citation of authorities to secure its recognition.

In the case against Mr. Foss alone the recovery was sought upon a promissory note for $10,000, dated June 17, 1892, due three months after date, with interest at ten per cent per annum from maturity, payable to George D. Stevens. It has already been stated how Mr. Johnston became the owner of this note. There is no merit in the contention that Mr. Johnston should have been held to have taken this note subject to whatever defenses existed in favor of the maker against the original payee, for we are satisfied that the district court was justified in finding that this note was enforceable against Foss even in favor of the bank for which Stevens was acting in taking and indorsing it. Mr. Foss had been president and Mr. Stevens cashier of this bank when there had been suffered to accumulate the indebtedness of $10,037 against a customer of the bank. The directors were dissatisfied with this transaction, and it was agreed that Foss and Stevens should take up this claim by giving their note for $7,500, and accordingly the $10,037 note with its chattel mortgage security was assigned to Foss and Stevens. There were renewals of the $7,500 note during the period of several years, sometimes the payment of interest being made, but more often being included in the renewals. There was not an entire uniformity observed in these renewals as to the relations of the parties thereto; hence it was we find that the note sued on was made by Foss & Stevens, whose liability thereon to the bank was apparently that of an indorser. This fact, however, in no degree tended to constitute a defense in favor of Foss in this action.

It was pleaded and sought to be proved that the entire capital stock of the State Bank of Nebraska at Crete was in fact owned by George D. Stevens, and, therefore,

it was urged in argument this action should have been treated as though the rights of the bank with respect to this note had never existed. It was disclosed by the evidence that at the time the indebtedness was assumed by Mr. Foss and Mr. Stevens, then respectively president and cashier of the bank, its capital stock was held by various parties, and, as already indicated, its affairs were supervised by its directors—at least to the extent of requiring Mr. Foss and Mr. Stevens to assume the payment of an indebtedness, which, as managing officers of the bank, they had permitted to arise. At the time this liability was assumed the capital stock of the bank was not held by Stevens. If he ever acquired control of all the stock, it was after the indebtedness under consideration had been assumed by himself and Mr. Foss. For the purposes of this case we shall assume that the acquisition of the entire capital stock by Stevens and his wife in fact vested the complete ownership of it in Stevens. When this ownership was acquired he, with Mr. Foss, was owing the bank nearly, if not quite, $10,000, and, it seems, the bank was insolvent. If the result now contended for should be sanctioned under these circumstances, the rule would be recognized that the cashier of an insolvent bank, by acquiring its capital stock, could prevent the collection from himself of any amount which he might owe the bank, even though such indebtedness might have arisen from his own dereliction in the performance of his duties as such cashier. In the case under consideration the bank was placed in the hands of a receiver because of its insolvency. His duties were on behalf of the creditors of the bank, and except for the purpose of treating its capital stock as a means of collecting funds for the payment of the creditors of the bank if resort thereto should be necessary, he had no concern with such capital stock. Certainly, under orders of the court by which he had been appointed as in this case, he had power to sell the assets of the bank, thereby conferring on purchasers the right to enforce

payment of evidences of indebtedness to the bank purchased, by suits in their own names. In actions of this class it is entirely immaterial how, or by whom, the capital stock of the insolvent bank is owned. Even in actions to recover an ordinary indebtedness this defense pleaded has been held unavailable. (*Harrington v. Connor*, 51 Neb., 214.)

This disposes of all the errors of which complaint is made, except an assignment that the findings are not sustained by sufficient evidence. As there is no good ground for this contention the judgment of the district court is

.AFFIRMED.

RAGAN, C., dissenting.