CLARK IMPLEMENT COMPANY, APPELLANT, v. WILLIAM E. WALLACE, APPELLEE.

FILED DECEMBER 14, 1918. No. 20165.

1. **Set-Off**: CODE. The provisions of the Code of Civil Procedure, with respect to set-off, are not exclusive.

2. ———: INSOLVENCY: EQUITY. Insolvency of a party, against whom set-off is sought, may be sufficient ground for a court of equity to allow a set-off which is not provided for by statute.

3. ———: PRICE PAID FOR NOTE. The price paid for a note or claim, sought to be offset in equity, is immaterial.

APPEAL from the district court for Webster county: HARRY S. DUNGAN, JUDGE. *Reversed.*

*Bernard McNeny,* for appellant.

*L. H. Blackledge, contra.*

ALDRICH, J.

Action in equity to have offset against a judgment, which the defendant Wallace has against the plaintiff, in the sum of $404 and costs, the balance due on a certain note, given by defendant and assigned to the plaintiff by the surety thereon, one Cox, who had paid it and become the holder, on the ground that the defendant is insolvent.

It is contended by defendant, Wallace, that the plaintiff is not the owner of the note and not the real party in interest. The evidence shows that the ownership of the note must be either in the plaintiff or in Cox, who is also a party to the lawsuit, and who asserted no claim of ownership, but the contrary. Inasmuch as, under such circumstances, any judgment had upon the note would forever extinguish the note, so that both Cox and the plaintiff would be estopped to afterwards assert any rights thereunder, it follows that the defendant will not be heard to raise the question which of these two parties, the plaintiff or Cox, is the real owner, when they agree that the plaintiff is.

Cox was a surety upon the note sought to be offset. When he paid it he became the equitable owner thereof and had a right to assign it to the plaintiff. The defendant being insolvent, the plaintiff was entitled in equity, although not under the statute relating to counterclaim and set-off, to have the two payments offset each other, so long as the defendant, Wallace, had no offset or counterclaim against the note in the hands of Cox. The fact that the plaintiff purchased the note from Cox at less than its face value can make no difference.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.

LETTON and ROSE, JJ., not sitting.