FAYETTE F. ROGERS ET AL., APPELLANTS, V. WILLIAM BUETTGENBACK ET AL., APPELLEES.

FILED NOVEMBER 19, 1926.    No. 25301.

1. Judgment: Costs. Construing sections 8616 and 8618, Comp. St. 1922, together, *held*, that a defendant in an action is not required to plead any counterclaim or set-off he may have against the plaintiff. The penalty of his omission to do so, in an action where the counterclaim or set-off might have been pleaded, being that, in a subsequent action against the plaintiff, he cannot recover costs.

2. ———: EQUITABLE SET-OFF. "Where peculiar equities intervene between the parties; a court of equity may enjoin the collection of a judgment until the debtor litigates an unliquidated claim against his creditor, and if the debtor succeeds the court may set off the judgments so far as one may equal the other." *State v. Farmers State Bank*, 113 Neb. 497.

APPEAL from the district court for Kearney county: LEWIS H. BLACKLEDGE, JUDGE. *Reversed, with directions.*

*J. L. McPheely*, for appellants.

*J. H. Robb* and *C. P. Anderbery*, contra.

Heard before MORRISSEY, C. J., ROSE, DEAN, DAY, GOOD and THOMPSON, JJ.

DAY, J.

On July 31, 1925, the plaintiffs brought this suit in equity to enjoin the defendants, William Buettgenback and Renus Kargo, sheriff of Kearney county, from ordering an execution to be issued on a certain judgment obtained by Buettgenback against the plaintiffs and from levying an execution upon the plaintiffs' property, or any part thereof. As

Kargo has no interest in the suit except in his official capacity, we will, for convenience, refer to Buettgenback as defendant.

The plaintiffs set out the pleadings upon which the judgment against them in favor of the defendant was based, and also alleged that they had paid the amount due upon the judgment except the sum of $700; that they held the defendant's note, dated August 13, 1921, due in one year from date, no part of which had been paid; that they tendered the note to defendant in payment of the judgment, but he refused to accept the same; and that the defendant was insolvent. The plaintiffs prayed that the amount of the note with interest be credited upon the judgment; that the judgment be canceled; that the defendant be enjoined from proceeding to collect the judgment, and for "such other relief as justice and equity may require." The answer tendered an issue which will sufficiently appear in the further discussion of the case. The trial resulted in a judgment denying the plaintiffs the relief prayed and dismissing their cause of action. From this judgment the plaintiffs have appealed.

The record shows that on November 30, 1921, Buettgenback, as plaintiff, brought an action in the district court for Kearney county against the plaintiffs in this action, as defendants, in which he recovered a judgment for $857.65. In that action the plaintiff, among other things, alleged in substance that on August 13, 1921, he purchased from defendants a threshing machine engine under a warranty by them that the engine was in good mechanical condition; that it would operate the plaintiff's separator and would perform the service for which it was sold; that, relying upon the representation made by the defendants, he paid them $500 in cash and executed his note in favor of the defendants for $700, dated August 13, 1921, and due in one year, secured by a chattel mortgage on the engine; that the engine proved defective and would not propel the separator; that within one month from the date of the purchase the plaintiff returned the engine to the defend-

ants, stating that he rescinded the contract and demanded that the purchase price be returned to him, which was refused by the defendants. The plaintiff also alleged that he suffered special damages in an attempt to make the engine work; that during a period of five days he paid for wages, coal and labor the sum of $175 in an effort to make the engine work, and was also deprived of the profits in the sum of $325. The plaintiff sued to recover $1,200, the purchase price of the engine, and $500 as special damages.

The amended answer of the defendants admitted that they sold the engine to plaintiff for $1,200; that $500 was paid in cash and a note of $700 taken for the balance; denied that any warranties or representations were made by them; and alleged that, when the plaintiff returned the engine to the defendants, it was agreed between the parties that the same should be sold at private sale, and if the engine brought more than was necessary to pay the note that the surplus should be paid to plaintiff. As a cause of action against the plaintiff, the defendants alleged that they sold and delivered to plaintiff, at his order and request, oil for the use of said engine, upon which there was a balance due and unpaid of $92.35. They prayed that plaintiff's action be dismissed and that they have judgment against plaintiff for $92.35.

The reply denied the allegations of the amended answer which were inconsistent with the allegations of the petition.

Upon the issues thus presented, a trial was had to a jury, who, upon very conflicting testimony on the disputed issues, returned a verdict as follows:

"We, the jury, duly impaneled and sworn in the above cause, do find for the plaintiff for the sum of $250 and the note of $700. Plaintiff pay the oil bill of $92.35 and defendants keep the engine."

The court refused to accept this verdict as not being responsive to the issues and instructions of the court and directed the jury to retire for further deliberation. Thereafter the jury returned a verdict as follows:

"We, the jury, duly impaneled and sworn in the above entitled cause, do find for the plaintiff for the sum of $857.65."

Judgment was entered on this verdict. From this judgment, defendants appealed to this court and the judgment was sustained. The plaintiff in the action, being apparently satisfied with the judgment, took no appeal.

The record shows that, during the trial of the first case, the $700 note was received in evidence and exhibited to the jury, over the objection of the plaintiff. This probably confused the jury. The plaintiff took no appeal from the judgment and it is now too late to consider the basis of the jury's verdict. A reference to the pleadings clearly shows that the defendants did not plead the $700 note as a set-off or counterclaim to the plaintiff's cause of action and it was not an issue in that case. After the mandate from this court had been spread upon the record of the district court for Kearney county, the plaintiffs in this action paid into court all of the judgment in excess of $700, and tendered to the plaintiff in that action his note for $700 and demanded that he accept the same as a balance due upon the judgment and in satisfaction thereof, which the plaintiff refused. Thereupon the present plaintiffs brought this action in equity to offset the amount due on the note against the amount due on the judgment, alleging that the defendant herein was insolvent.

The precise question presented by the records is whether the plaintiffs in equity are entitled to have the amount due on the note offset against the judgment. We think the record fairly shows that defendant Buettgenback was at the time insolvent. It will be noted that the plaintiff in the first action sought to recover the full purchase price of the engine. In so doing, he regarded that his note of $700 was equivalent to the payment of that amount in cash. It is difficult to determine upon what theory the jury arrived at the amount of its verdict. It would seem, however, based upon the verdict which was not received, that they allowed the plaintiff $250 damages, $700 for his note, and deducted

from this sum the defendants' bill of $92.35, leaving a balance of $857.65, the amount of the last verdict. It is quite evident that the verdict was a compromise, which not infrequently occurs in jury trials. The situation is presented where the plaintiff has a judgment against the defendants and the defendants have an unpaid note of the plaintiff in an amount equal to or greater than the amount due upon the judgment.

It is the contention of the defendant in the present case that, the plaintiffs having had the opportunity to set up the note as a counterclaim in the original action and failing to do so, they are now precluded from offsetting the note against the judgment. The argument is made that the judgment is conclusive as to every matter of defense, counterclaim or set-off which was or might have been litigated in the first action. We think the contention of the defendant states the rule too broadly. Section 8616, Comp. St. 1922, provides that the defendant "may set forth in his answer as many grounds of defense, counterclaim and set-off as he may have." Section 8618, Comp. St. 1922, provides: "If the defendant omit to set up the counterclaim or set-off, he cannot recover costs against the plaintiff in any subsequent action thereon." Construing these provisions of the statute together, as we must, it seems quite clear that it was not the intention of the legislature that a defendant should be required to plead any counterclaim or set-off which he may have had against the plaintiff in the action. Whether the defendant did so or not was optional with him; but, if he failed to plead in an action where the counterclaim or set-off might have been pleaded, he could not recover his costs in a subsequent action thereon against the plaintiff. It being shown that defendant Buettgenback was insolvent, we see no valid reason why a court of equity may not set off his note against the judgment, or at least restrain the collection of the judgment for a reasonable time to permit the holder of the note to reduce it to judgment and then set off one judgment against the other. In *Richardson v. Doty*, 44 Neb. 73, it was held: "The pro-

visions of the Code of Civil Procedure in regard to set-off are not exclusive. The insolvency of a party against whom the set-off is claimed is a sufficient ground for a court of chancery to allow it in cases not provided for by statute." In *State v. Farmers State Bank*, 113 Neb. 497, it was held: "Where peculiar equities intervene between the parties, a court of equity may enjoin the collection of a judgment until the debtor litigates an unliquidated claim against his creditor, and if the debtor succeeds the court may set off the judgments so far as one may equal the other." The same principle was announced in *Wells v. Cochran*, 88 Neb. 367, and *Clark Implement Co. v. Wallace*, 103 Neb. 26.

In view of the fact that there may be defenses to the note which defendant would have the right to have determined by a jury and in view of the equities presented, we think the judgment of the district court should be reversed and the cause remanded, with directions to enter a judgment enjoining the defendant from collecting the judgment for such time as to permit the plaintiffs, in the exercise of reasonable diligence, to litigate their claims upon the note, and, if they succeed, that the court should then set off the judgments so far as one may equal the other.

The judgment of the district court is reversed and the cause remanded, with directions to enter judgment in accordance with this opinion.

REVERSED.

Note—See Judgment, 34 C. J. p. 469 n. 38; p. 864 n. 15.