VERNON L. ARMSTRONG, APPELLANT, V. HELEN C. MARR, APPELLEE.

FILED JULY 11, 1930. No. 27290.

*Daniel J. Gross,* for appellant.

*Rose, Wells, Martin & Lane, contra.*

Heard before GOSS, C. J., DEAN, GOOD, THOMPSON, EBERLY and DAY, JJ.

EBERLY, J.

This is the second appearance of this case in this court. It appears that, quoting from appellee's brief: "On March 7, 1927, Vernon L. Armstrong instituted his action against Mrs. Marr for $500 damages on account of breach of a cleaning contract; on October 18, 1927, judgment was entered for plaintiff in the amount of $524.93; defendant appealed to this court, which affirmed the judgment, the mandate being filed in the office of the clerk of the Douglas county district court on April 17, 1929. On or about April 23, 1929, appellee bought and paid for, and on April 29, 1929, she filed in the office of the clerk of the district court assignments of three judgments against the plaintiff," and in favor of her assignors, transcripts of which were filed in said court, and "on which there was then due $553.39; the balance due on plaintiff's judgment, $70.43, was paid into court on April 29, 1929. The next day, Mr. Gross," the attorney who had represented plaintiff in this successful litigation, "filed his notice of attorney's lien." After trial or hearing the district "court on July 17, 1929, sustained appellee's right of set-off and ordered the clerk of the court to 'satisfy in full on his records the three above mentioned judgments owned by the defendant.' The sole question in the case is as to the right of set-off."

We do not overlook the contention of Mr. Gross, who appears in this case as intervener, based on the claim that by means of requests for delay which were unconscionable, if not fraudulent, in character he was induced to refrain from filing his attorney's lien until after the judgments in suit had been purchased by defendant and thereby was unjustly deprived of his rights. We expressly disclaim in any manner passing upon or determining the issues presented by him in this case, thus leaving the same for the future consideration of the district court, as a court of equity, wholly unaffected by this opinion.

We accept for the purpose of this opinion only, but do not decide, defendant's contention that the sole question in the case is as to the right of set-off. The claim of this right on the part of Helen C. Marr is made by a pleading

entitled and designated "Motion for Set-Off" which was filed in the case of Vernon L. Armstrong v. Helen C. Marr after the mandate of this court had been received, filed and entered of record in the district court for Douglas county. No facts are alleged therein, save and except the ownership of the three judgments by assignment, that they are unpaid, that the balance due, after deducting the amount of such judgments from the original judgment entered in the case and affirmed by this court, had been paid by her, and closes with the prayer that the three judgments be set off against the judgment theretofore obtained by Vernon L. Armstrong in the above entitled case. There is an entire failure to allege any facts which would in any manner justify the exercise of, or invoke the equitable powers of, the court. Limited to the record before us, we are compelled to find that the judgments referred to, under the facts disclosed in this record, are not the proper subject of set-off in this case.

In the early case of *Simpson v. Jennings*, 15 Neb. 671, it appears: "The main question presented by the record in this case is the alleged error of the court below in refusing to allow the set-off presented by the defendants therein in their amended answer. This set-off consists of a judgment recovered against George Jennings and Anna Maria Jennings, in her lifetime, by one John Dill, and which said judgment came to the hands of the plaintiffs in error, other than the said Richard D. Simpson, by assignment of the said John Dill, since the commencement of said action in the court below." The gist of the opinion appears in the syllabus of that case as follows: "A claim on the part of a defendant, which he will be entitled to set off against the claim of a plaintiff against him, must be one upon which he could, at the date of the commencement of the suit, have maintained an action on his part against the plaintiff." A similar question was before this court in *Burge v. Gandy*, 41 Neb. 149, in which case, however, the judgment was owned by defendant at the time of the commencement of the action against the defendant. *Simpson v. Jennings, supra,* was referred to

and followed and the reasoning of the court appears from the following excerpt from the opinion of Commissioner Ragan: "Section 104 of the Code of Civil Procedure provides: 'A set-off can only be pleaded in an action founded on contract and must be a cause of action arising upon contract or ascertained by the decision of the court.' Mrs. Burge's action is founded on contract, and the set-off as pleaded by Mrs. Gandy not only arose upon contract, but had been ascertained by the judgment of a court. In *Simpson v. Jennings,* 15 Neb. 671, it is said: 'A claim on the part of a defendant, which he will be entitled to set off against the claim of a plaintiff against him, must be one upon which he could, at the date of the commencement of the suit, have maintained an action on his part against the plaintiff.' Mrs. Gandy, at the time this suit was commenced, could have maintained an action against Mrs. Burge on the judgment which she pleaded as a set-off. The set-off then pleaded by Mrs. Gandy came within both the letter and the spirit of the Code and within the construction placed thereon by this court." In the case of *Spencer v. Johnston,* 58 Neb. 44, it was again sought to make a judgment the subject of set-off in a law action and this right was expressly denied, Justice Sullivan writing the opinion. The point of the case appears in the following syllabus: "In the absence of equitable considerations, a defendant can only plead as a set-off a claim or judgment upon which, at the commencement of the action, he might have maintained an independent suit against the plaintiff." The following cases also illustrate the proper application of the rule: *Tessier v. Englehart & Co.,* 18 Neb. 167; *Wilbur v. Jeep,* 37 Neb. 604; *Richardson v. Doty,* 44 Neb. 73; *Shabata v. Johnston,* 53 Neb. 12; *Gurske v. Kelpin,* 61 Neb. 517; *Stone v. Snell,* 86 Neb. 581. In the case of *Citizens State Bank v. Worden,* 95 Neb. 53, this court reannounced the doctrine in the exact terms of *Simpson v. Jennings, supra.* It is also to be noted that, due to the peculiar circumstances of that case, a previous demand being necessary and there being a failure to affirmatively plead demand by the party claiming a set-off,

it was held that, a proper demand before this suit was commenced, which is part of the set-off, not being pleaded, therefore plaintiff was not entitled to the same. In discussing this point Justice Rose says: "In pleading a set-off in an action on a note, defendant should conform to the rules by which the sufficiency of plaintiff's petition would be tested, if assailed by demurrer. *Peck v. Trumbull*, 12 Neb. 133; *Dale v. Hunneman*, 12 Neb. 221; Bliss, Code Pleading (3d ed.) sec. 367. The set-off pleaded does not conform to the principle stated. It is not shown that defendant, when this suit was commenced, could have maintained against plaintiff an action for deposits." The principle of pleading thus announced is applicable to our instant case.

The authorities on which appellee relies, in view of the issues presented and determined herein, do not appear in point. *Clark v. Sullivan*, 3 N. Dak. 280, relied upon by appellee, is controlled by the North Dakota statute, which provides: " 'Mutual final judgments may be set off *pro tanto*, the one against the other, by the court, upon proper application and notice.' Section 5109, Comp. Laws." But no similar statutory provision exists in Nebraska, so far as advised, neither are the judgments under consideration "mutual." Appellee also cites *Clark Implement Co. v. Wallace*, 103 Neb. 26. However, this case was a proceeding in equity in which it was alleged as one of the grounds for the interposition of the equity court that the defendant was insolvent, a fact which the appellee in the instant case could not rely upon because not pleaded. In *Tootle-Weakley Millinery Co. v. Billingsley*, 74 Neb. 531, relied upon by appellee, we have another application of the equitable doctrine. Our court there held: "A party against whom a judgment has been rendered in favor of the trustee of a bankrupt may, *by proper proceedings in equity*, be allowed to offset against the same a claim allowed in its favor against the bankrupt in the bankruptcy proceedings." (Italics ours.) It will be noted that the relief afforded was, "by proper proceedings in equity," an element wholly absent in the controversy before us. The same

conclusion is applicable to *Rogers v. Buettgenback,* 114 Neb. 834. Justice Day in delivering the opinion of the court, in the discussion of the subject of set-off, says in part: "It being shown that defendant Buettgenback was insolvent, we see no valid reason why a court of equity may not set off his note against the judgment, or at least restrain the collection of the judgment for a reasonable time to permit the holder of the note to reduce it to judgment and then set off one judgment against the other. In *Richardson v. Doty,* 44 Neb. 73, it was held: 'The provisions of the Code of Civil Procedure in regard to set-off are not exclusive. The insolvency of a party against whom the set-off is claimed is a sufficient ground for a court of chancery to allow it in cases not provided for by statute.' In *State v. Farmers State Bank,* 113 Neb. 497, it was held: 'Where peculiar equities intervene between the parties, a court of equity may enjoin the collection of a judgment until the debtor litigates an unliquidated claim against his creditor, and if the debtor succeeds the court may set off the judgments so far as one may equal the other.' The same principle was announced in *Wells v. Cochran,* 88 Neb. 367, and *Clark Implement Co. v. Wallace,* 103 Neb. 26." And it may also be noted that the rule upon which appellee relies is but a restatement of the rule as limited to proceedings in equity which was early announced by this court in the case of *Thrall v. Omaha Hotel Co.,* 5 Neb. 295: "The insolvency of a party against whom a set-off is claimed, is a sufficient ground for a court of chancery to decree such set-off in cases not provided for by statute." The conclusion therefore follows that under the terms of our statute the plaintiff in this case was not entitled to a set-off.

True, certain equitable considerations may exist which, if properly pleaded in an equitable proceeding, would entitle him to this right; but, there being no proper pleadings setting forth facts upon which "equitable considerations" might be supported, this question is not before us.

But we do not desire to be understood as here determining that under the facts in this case the amendment of

pleadings to properly allege the insolvency of the plaintiff, followed by appropriate proof establishing this fact, will necessarily entitle the defendant to set off these judgments in controversy. While it is doubtless true that "the insolvency of the party against whom the set-off is claimed is, as a broad general rule, held to be such a special equity as will induce a court of equity to take jurisdiction to allow the set-off. * * * There are some very well-considered cases which hold that mere insolvency alone does not constitute a ground for the interference of the court, and that some further equity must exist in order to induce an equity court to act." 34 Cyc. 638-640. This court has, in view of the facts in each case then under consideration, repeatedly announced the "broad general rule" in cases determined by it. In so doing it has not, in so far as the writer is at present advised, negatived the possibility of an exception thereto or determined that exceptional facts involved in a given case might not necessitate the application of the modification suggested by the text quoted. So, also, the evidence in the record and the arguments of counsel at the bar fairly support the inference that some, possibly all three, of the judgments in controversy were rendered more than five years prior to the purchase thereof by the defendant. The proceeding which under the facts in this case would seem proper to secure the set-off of the judgments in controversy against plaintiff's demand is in the nature of an equitable action. This court, it seems, is committed to the doctrine: "A domestic judgment is a specialty within the meaning of section 10 of the Code (Rev. St. 1913, sec. 7567), and an action thereon is barred by the statute of limitations after five years from the date of the judgment." *Armstrong v. Patterson*, 97 Neb. 871; *Fisher v. Woodard*, 103 Neb. 253.

*Quære:* If the evidence establishes that more than five years have elapsed since the rendition of a judgment prior to its acquisition by the defendant herein, or prior to the filing of defendant's "Motion for Set-Off," will such judgment support an equitable action for set-off? The question suggested appears to be necessarily involved in this case.

However, we do not assume to determine it. We determine only that, in view of the issues submitted to the trial court, its judgment thereon was erroneous.

It follows therefore that the judgment rendered is reversed and the cause remanded for further proceedings in harmony with this opinion.

REVERSED.