BANK OF DAKOTA COUNTY, APPELLANT, V. LOUIS PEDERSEN, APPELLEE.

FILED OCTOBER 23, 1931. No. 27874.

*Sidney T. Frum,* for appellant.

*George W. Leamer, contra.*

Heard before GOSS, C. J., DEAN, EBERLY and PAINE, JJ., and BLACKLEDGE, District Judge.

DEAN, J.

This action was begun by the Bank of Dakota County to recover $2,000 on a promissory note executed in favor of the bank on January 28, 1928, by Louis Pedersen, the defendant herein. The note in suit bears interest at the rate of 8 per cent. per annum until the due date, namely, July 28, 1928, and 10 per cent. per annum thereafter until paid. The defendant admitted the execution of the note, but he pleaded that on or about April 1, 1928, he had on deposit in the bank $500 which the plaintiff refused to pay over to him on his demand therefor. Thereupon the

defendant prayed that the $500 be allowed as a set-off against the note in question. And the defendant also alleged that on October 31, 1928, he purchased a $2,000 certificate of deposit from his father-in-law, Hans Andersen, and the last above named sum should also be allowed as a payment on the note. The bank in its reply alleged that the $2,000 certificate of deposit was not sold to the defendant for a valuable consideration, and that such certificate was indorsed, "if ever," during a period in which the bank was under the control of the guaranty fund commission, and that it would be unfair to other creditors of the bank to permit a set-off to the defendant. The court, however, found against the plaintiff bank and decreed that the amount of the defendant's deposit and also his certificate of deposit should be allowed as a set-off against the note. The plaintiff bank has appealed.

April 17, 1928, the bank was taken over by the guaranty fund commission and operated as a going concern, and this action was begun October 12, 1928, to recover on the note in suit. A receiver was appointed June 4, 1929, to take charge of the bank. The case was taken under advisement by the court February 20, 1929, and a decree was entered herein on October 20, 1930. It is to be noted, however, that the action was begun before the appointment of the receiver. We have held: "The taking over of the assets of a banking corporation by the department of trade and commerce of this state for the purpose of managing or liquidating such bank does not effect a dissolution of the corporation." *Svoboda v. Snyder State Bank,* 117 Neb. 431. See *Morton v. State,* 120 Neb. 575. And in an action by the bank to recover on the promissory note in suit, where the bank was under the control of the department of trade and commerce but was not then in the hands of a receiver, the defendant is entitled to have the amount of his deposit in the bank allowed as a payment against the note.

In respect of the certificate of deposit, however, it is to be noted that the action herein was commenced October 12, 1928, and the certificate of deposit was not purchased

by the defendant until October 31, 1928, or 19 days after the action was begun. We have held to the proposition that: "A claim on the part of a defendant, which he will be entitled to set off against the claim of a plaintiff against him, must be one upon which he could, at the date of the commencement of the suit, have maintained an action on his part against the plaintiff." *Simpson v. Jennings,* 15 Neb. 671; *Bank of Crab Orchard v. Myers,* 120 Neb. 84. And we have likewise held: "In the absence of equitable considerations, a defendant can only plead as a set-off a claim or judgment upon which, at the commencement of the action, he might have maintained an independent suit against the plaintiff." *Spencer v. Johnston,* 58 Neb. 44; *Armstrong v. Marr,* 120 Neb. 182. To substantially the same effect are *Tessier v. Englehart & Co.,* 18 Neb. 167; *Wilbur v. Jeep,* 37 Neb. 604; *Shabata v. Johnston,* 53 Neb. 12; *Gurske v. Kelpin,* 61 Neb. 517; and *Citizens State Bank v. Worden,* 95 Neb. 53.

We conclude that the defendant is not entitled to have the amount of his certificate of deposit set off against the amount of the promissory note where such certificate of deposit was purchased by the defendant after the institution of the present action by the bank to recover on the note.

The judgment of the district court is affirmed as to the allowance of the $500 deposit as a set-off against the promissory note, and reversed as to the allowance of the $2,000 certificate of deposit, with directions to enter judgment accordingly.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED, WITH DIRECTIONS.