GEORGE THRALL, APPELLANT, V. THE OMAHA HOTEL COMPANY, AND OTHERS, APPELLEES.

1. **Landlord and Tenant.** The relation of landlord and tenant requires good faith between the parties. The policy of the law will not permit the tenant to avail himself of the advantages of his possession to purchase incumbrances on the leasehold property for the purpose of speculation.

2. ———: PURCHASING OUTSTANDING INCUMBRANCE. But, if while in possession, under the lease, the tenant purchase such incumbrance, the presumption is that he did it for the only purpose permitted by law, that is, to protect his possession; and if the tenancy is for years, the landlord must account to him for what he actually paid for such incumbrance.

3. ———: SET-OFF. The insolvency of a party against whom a set-off is claimed, is a sufficient ground for a court of chancery to decree such set-off in cases not provided for by statute.

APPEAL from the district court of Douglas county. The opinion states the case.

*George W. Doane* and *E. Wakeley*, for appellant.

I. The set-off, by an equitable proceeding of independent mutual claims under certain circumstances, is a right long recognized. And the insolvency of one of the parties is of itself a sufficient ground for allowing the other party to insist upon this right. *Lindsey v. Jackson*, 2 Paige, 581. *Pond v. Smith*, 4 Conn., 297. *Gay v. Gay*, 10 Paige, 369. *Simson v. Hart*, 14 John., 63. *Jeffries v. Evans*, 6 B. Mon., 119. *N. H. Copper Co. v. Brown*, 46 Me., 418. *Keightley v. Walls*, 27 Ind., 384. *Simpson v. Huston*, 14 Tex., 476. *Brazelton v. Brooks*, 2 Head., 194. *Field v. Oliver*, 43 Mo., 200.

The fact that the complainant's demand is not yet due, does not prevent a set-off. *Lindsay v. Jackson*, 2 Paige, 581.

II.   The district judge very clearly erred, as we think, in limiting the plaintiff's right to a set-off to the amount he paid for the judgment.

His ruling was based on *Muttis v. Robinson*, 1 Neb., 1.

That case holds, simply, that a tenant buying in an outstanding incumbrance on property, which he holds under a lease, cannot enforce a lien against the property for any greater sum than he paid to obtain it.

If Thrall was seeking to enforce the lien of his judgment against the property, this case, and the rule it recognizes, might apply.   But he is not.   He is collecting it in another manner, and not seeking to disturb his landlord's title.

If the rule is applicable to this case, it would follow that if Thrall had levied on personal property of the hotel company, or if he had made no levy at all, the company could have discharged the judgment by paying what Thrall had paid for it.   So if he had bought a note against the company, and got judgment upon it, so that it became a lien on the property, the judgment could be discharged by paying him what the note cost.

The property, as in this case, might be encumbered far beyond its value, so that the lien would be worthless, and the tenant have no intention of trying to enforce it, yet he would forfeit all the claim above the amount he paid for it.   And the result would be the same if he bought a mortgage covering the rented property.   He might abandon the mortgage altogether, and seek to get a judgment on the debt secured by it.   And, upon the use made of the rule in question, he could only recover what he paid for the claim, *because* he had unfortunately got, with his claim a lien on his landlord's property.

Suppose Thrall had *released his lien* on the hotel property before he brought this suit, could any body have conceived the idea that his right to a set-off was restricted to the amount he paid for the claim?

We ask the court to correct this error in amount, and affirm the judgment in the other particular.

*Clinton Briggs*, for appellees.

I.   It is not claimed by counsel for Thrall that the set-off claimed here can be had by proceedings at law; on the contrary, it is admitted that it is "an equitable proceeding." It is then solely for a court of equity, or a court with equity powers, to deal with the case presented by the record. This being so, we are only called upon to consider the equitable circumstances and considerations in favor of granting the relief prayed.

We think the better rule in respect to this subject of set-off is laid down by the court in the case of *Greene v. Darling*, 5 Mason, 201.

II.   Judge Story says that the relation of landlord and tenant is a *trust* relation. 1 Story's Eq. Jr., Secs. 322, 323.   Perry on Trusts, 185.

This relation only exists in respect to the lease, and leased property. There is an implied covenant in every lease that the tenant will do nothing to prejudice his landlord's title.

Now, what does Thrall do?   He buys a judgment existing against the company at the time he entered into possession, of which he had either actual, or constructive notice; a judgment that was a *specific* lien on this particular property by reason of a *levy* made a year before he took his lease; a judgment he sought to enforce against the leased property, but could not on account of prior liens. Besides, in order to invoke the equitable relief prayed he must and does allege that he has exhausted his legal remedies to enforce the collection of the judgment by causing a *vendi* to be issued, and that such remedies were ineffectual.

Now it seems to us, that the most the court can do for

Thrall is to give him relief to the extent of the amount he paid for the judgment with interest. He has voluntarily removed a lien from the leased property after he had failed to enforce it; that is, if the court allows the set-off, and it would seem that it would be simply just, to give Thrall just what it cost him to do this. Suppose, this judgment had threatened his possession, and in order to protect himself against an adverse title, he had paid off the judgment, what would be the obligation of the landlord? It would be simply to make the tenant good his outlay. If he paid $1,000 to remove a $2,000 incumbrance, he could only recover the former sum with interest. *Foote v. Burnet*, 10 Ohio, 334. Rawle on Covenants, 160, 161. *Mattis v. Robinson*, 1 Neb., 1.

GANTT, J.

It appears by the record, that the defendant hotel company is the owner of the legal title to lots one and two, in block one hundred and thirty-eight, together with the buildings and improvements thereon, situated in the city of Omaha; that on the 16th day of September, 1873, the plaintiff entered into a leasehold contract with said company, for a term of five years from the first day of October, 1873, for so much of the building on the said lots which is known and designated as the "Grand Central Hotel" for hotel use, and agreed to pay for the same a yearly rental of four thousand dollars, payable in monthly installments of $333.33⅓. On the 7th day of December, 1874, the plaintiff purchased from R. Hilliker and others a judgment which, at March term, 1873, of the district court of Douglas county, they recovered against the defendant company for the sum of $2,935.13 damages, and $52.33 costs, and caused an execution to be issued thereon and a levy to be made on the above property. On the 5th day of January, 1875, another

execution was issued, commanding the sheriff to sell the property so levied on as aforesaid. On this execution the plaintiff undertook to apply his rents, and did so to the amount of one thousand dollars; and the execution having expired, it was returned by the sheriff.

The plaintiff alleges in his petition, that the defendant company is largely in debt, and utterly insolvent; and that it refuses to credit the amount of the judgment incumbrance so purchased by him, or to permit him to set-off the said judgment against the rents as they accrued from month to month; and that the said defendant company is about to institute proceedings, by action of forcible detainer or otherwise, to regain the possession of the said hotel premises. He asks that the amount of said incumbrance may be set-off against the rents accrued and to accrue under the lease, and that the defendant company be enjoined from disturbing him in his possession of the premises under the said lease.

Now, the fact is undisputed, that long subsequent to the time the plaintiff entered into possession of the premises under the lease to him by the hotel company, he purchased the incumbrance on the property. The levy made on the property by virtue of the execution issued upon the judgment incumbrance, passed the property in the custody of the law; for, under the laws of our state, lands are made chattels for the payment of debts, and may be seized by execution for that purpose. The plaintiff afterwards caused another execution to be issued, commanding the sheriff to sell the property so levied as aforesaid, and, hence, only one step further was necessary to be taken to divest the title of his landlord to the property, namely, to effect a sale on this execution. All these steps were taken by the plaintiff long subsequent to the time the relation of landlord and tenant existed between him and the defendant company. It may be questionable whether a tenant can in such manner divest the title

of his landlord to the leased premises; but this is not a necessary inquiry at the present time, as the case presents a very different question for the consideration of the court. The plaintiff did not sell the property under his execution, but undertook by his own action to appropriate the rents in payment of the incumbrance; and the defendant company having refused its assent to this procedure, he brought this action, and asks the court to decree the incumbrance, so purchased by him as aforesaid, to be set-off against the rents accrued and to accrue, until the same is fully paid. The court below allowed the set-off for the amount actually paid by plaintiff for the incumbrance. He now complains, that the court erred in not decreeing the set-off for the whole amount of the incumbrance as shown by the record.

It is said, that "there is a tenure between lessor and lessee for years, to which fealty is incident by theory of law, as well as of privity of estate between them." Lit., 132. 1 Wash. Real Est., 413. The parties must act in good faith towards each other; and therefore, we think the policy of the law will not permit a tenant to avail himself of the advantages, given to him by his possession, to purchase incumbrances upon the premises for the purpose of speculation; and then by the aid of the court, if necessary, to secure the whole amount of such incumbrance to be set-off against the rents without regard to the actual amount paid for the same. It seems to us that such conduct would be a breach of good faith, and the law would not permit it. Certainly, the fealty incident to the leasehold tenure, as well as the privity between the parties, will not allow such advantage to be taken by the tenant in possession.

But, if while in possession under the lease, the tenant shall purchase an incumbrance on the leased premises, the presumption is, that he did it, for the only purpose permitted by law, that is, to protect his possession; and

Thrall v. Omaha Hotel.

in such case, where the tenancy is for years, the landlord must account to him for what he has paid for the incumbrance, not exceeding what was justly due thereon with interest.  We think this case clearly comes within the principle enunciated in the case of *Mattis v. Robinson*, 1 Neb.; 1.

The grounds upon which the set-off is urged, is the insolvency of the defendant company.  We think the proofs in the case clearly establish its insolvency.  And the doctrine seems to be well settled, that the insolvency of the party against whom the set-off is claimed, is a sufficient ground for a court of chancery to allow a set-off in cases not provided for by statute, and even in cases where the demands on both sides are not liquidated.

In *Lindsey v. Jackson*, 2 Paige, 582, it is said that, "where there are mutual demands between the parties which cannot be set-off under the statute, but which a court of equity may compensate or apply in satisfaction of each other without interfering with the equitable rights of any person, the fact that one of the parties is insolvent has frequently been held sufficient grounds for the exercise of the equitable jurisdiction of chancery." 1 P. Wm., 325.  *Pond v. Smith*, 4 Conn., 302.

In conclusion, we are of opinion, that the plaintiff is entitled to have the amount actually paid by him for the incumbrance set-off against the rents coming to the defendant company, and that the defendant company be enjoined from disturbing him in the possession of the premises under the lease; and the findings and decree shall be in accordance with this opinion.

DECREE ACCORDINGLY.