CYRUS V. SCOTT, PLAINTIFF IN ERROR, V. A. W. WALDECK, DEFENDANT IN ERROR.

New Trial: SLEEPING JUROR. Where on the motion for a new trial one of the grounds assigned was, that a juror was asleep while one of the witnesses was testifying and one of the attorneys making his argument, and it not appearing that the attention of the court was called to the fact, *held*, that it was no ground for new trial.

ERROR to the district court for Adams county. Tried below before GASLIN, J.

*Batty & Ragan,* for plaintiff in error.

*Laird & Smith,* for defendant in error.

MAXWELL, CH. J.

The petition alleges in substance, that in April 1878, Waldeck purchased a Jack from Scott, for the sum of $175.00, $75.00 being paid at the time of the purchase and a promissory note given for $100.00, which Waldeck was afterwards compelled to pay; that said animal was warranted, etc., but was entirely worthless and of no value whatever. The answer admits the sale, but denies the warranty. On the trial of the cause, a verdict for the

sum of $150.00, was rendered in favor of Waldeck, upon which judgment was entered.

Two errors are assigned in this court: *First.* That the verdict is against the weight of evidence. *Second.* That a juror, one J. W. Coulter, was asleep while Scott was testifying, and also while one of the attorneys was making his argument to the jury.

As to the first objection, it is sufficient to say that, in our opinion, the evidence fully sustains the verdict, and the jury would not have been warranted in finding otherwise.

As to the second objection, it appears from the affidavit of one of the attorneys for Scott, that he makes the statement of said Coulter being asleep on the trial of said cause, from what affiant saw and knew of his own knowledge of the matter. This being the case, he should have called the attention of the court to the juror's condition; having failed to do so, he cannot afterwards complain. It is very clear that justice has been done in the case, and the judgment is affirmed.

JUDGMENT AFFIRMED.