WILLIS T. RICHARDSON, APPELLANT, V. IRA E. DOTY, APPELLEE.

FILED FEBRUARY 19, 1885.  No. 5781.

1. **Partnership:** ACCOUNTING: EVIDENCE.  The evidence *held* sufficient to sustain the findings of the trial court.

2. **Set-Off:** INSOLVENCY: EQUITY.  The provisions of the Code of Civil Procedure in regard to set-off are not exclusive.  The insolvency of a party against whom the set-off is claimed is a sufficient ground for a court of chancery to allow it in cases not provided for by statute.  *Thrall v. Omaha Hotel Co.*, 5 Neb., 295, followed.

APPEAL from the district court of Lancaster county. Heard below before FIELD, J.

*Marquett, Deweese & Hall, .R. S. Norval,* and *George P. Sheesley,* for appellant.

*Steele Bros.* and *G. M. Lambertson, contra.*

IRVINE, C.

This was an action for an accounting between partners, the plaintiff Richardson alleging that about October 10, 1886, he and Doty entered into a partnership under a verbal contract for the purpose of building railroads and dealing in supplies for the construction of railroads; that Doty was to devote his entire time to superintending the work, and that the profits were to be shared equally. He then sets up three separate pieces of work performed during the existence of the partnership. One was the construction of a line of railroad known as the Culbertson Line, which he says that Doty, in disregard of his contract, neglected in such a manner as to cause a loss of $2,000. Another was the construction of a line known as the Beaver Line, which he says yielded a profit of $7,000, which Doty neglected and refused to account for. The third was the construction of bridges on a line known as the Wood River Line, and on which he alleges the profit amounted to $4,000, which Doty neglected and refused to account for. Richardson then avers that on May 3, 1890, a new contract was entered into whereby the plaintiff was to receive two-thirds of the profits and the defendant one-third, except as to profits derived from selling supplies, which were to be equally divided, and avers that under this contract a line known as the Whitewood Line was constructed, but the work was performed by Doty negligently, causing a loss of $4,000.

Doty answered, denying that the contract was as alleged, and averring that the partnership only extended to work performed on contracts made directly with railroad companies, and not to work done on subcontracts with princi-

pal contractors. He then avers that the Beaver Line and Wood River Line were subcontracts in his own favor and entirely outside the object of the partnership, and denies that he undertook to devote his time to the work of the partnership. He admits the construction of the Culbertson Line, but denies that he was guilty of any negligence. He admits the contract of May 3, 1890, and the construction of the Whitewood Line thereunder, and denies that he was guilty of any negligence therein. The answer then proceeds to allege that Doty became surety on certain notes of Richardson, and was compelled to pay the same, on which account he prays judgment for $5,387.49, with interest. The reply admitted the allegations of the answer in regard to the set-off, but averred that they did not constitute any defense to the action. The court found that the subcontract work was not within the scope of the partnership; that on the Whitewood Line Doty should be charged $800 for unfinished work, and that after that charge was made, the accounts of the two partners stood equal. Judgment was entered for the amount of the set-off in favor of Doty, and Richardson appeals.

With a single exception the questions presented are questions of fact. These were determined by the trial court on conflicting evidence. We have made a careful examination of the evidence, a task rendered quite difficult by the manifest incompetency of the reporter who prepared the transcript. It would be useless to encumber the reports with a discussion of the proof. We are satisfied that there was sufficient to sustain the findings of the district court.

The only question of law presented relates to the set-off pleaded and allowed by the district court. Whether the propriety of this set-off was properly questioned by the reply, which admitted the facts and merely as a legal conclusion denied that the set-off constituted a defense, is a point not raised by counsel, and one which we do not determine. The notes which were paid by the defendant do not appear

to have been connected with the partnership, and plaintiff contends that for that reason they did not ground a set-off in this case.    He also contends that the set-off was not proper because the notes were not paid until after the commencement of the action.    A claim, to fall within the statutory provision as to set-off, must be one upon which the defendant might, at the commencement of the suit, have maintained an action against the plaintiff. (*Simpson v. Jennings*, 15 Neb., 671; *Tessier v. Englehart*, 18 Neb., 167.) But the answer alleges in a portion of the paragraph which the reply admits that the plaintiff was insolvent and that the defendant had no means of securing payment unless permitted to set off the claim in this action.

Sections 99 and 104 of the Code of Civil Procedure providing for set-offs are not exclusive. . In *Boyer v. Clark*, 3 Neb., 161, it was said that set-off as a right demandable can only be applied to the purpose for which it is conferred . by statute; but that the power to set off one judgment against another is one inherent in the court, the exercise of which is discretionary; and in *Thrall v. Omaha Hotel Co.*, 5 Neb., 295, it was said that the insolvency of the party against whom the set-off is claimed is a sufficient ground for a court of chancery to allow a set-off in cases not provided for by statute, and even in cases where the demands on both sides are not liquidated.    In *Wilbur v. Jeep*, 37 Neb., 604, it was said that the insolvency of a judgment debtor invested the court with power to set off the judgment against the claim of the judgment debtor even in a case not provided for by statute.    This case falls within the rule announced in the cases cited, and the district court did not err in allowing the set-off.

JUDGMENT AFFIRMED.