E. B. WILBUR, APPELLEE, V. LOUIS JEEP, APPELLANT.

FILED SEPTEMBER 20, 1893.    No. 4837.

1. **Negotiable Instruments:** INDORSEE: PURCHASE AFTER MATURITY: SET-OFF. Any set-off to a promissory note which would have been good between original parties may be pleaded against an indorsee who acquires it after maturity, as he takes it subject to any set-off which the maker had against any prior holder.

2. ———: ACTION BY INDORSEE AFTER MATURITY: SET-OFF. In a suit on a note by the indorsee thereof after due, against the maker, the latter may set off a past due note owned by him, made by others, and on which the plaintiff's assignor is liable to the defendant as indorser, such makers and indorser being insolvent.

3. ———: ———: ———. In a suit on a note by the indorsee thereof after due, against the maker, the latter may set off a judgment owned by him against the plaintiff's assignor and others, such judgment debtors being insolvent.

APPEAL from the district court of Dakota county. Heard below before NORRIS, J.

*R. B. Daley,* for appellant.

*Jay & Beck, contra.*

RAGAN, C.

The appellant, on November 1, 1886, executed to one F. Smith a negotiable note, due November 1, 1888, and secured by a real estate mortgage. This note was purchased from Smith by appellant for a valuable consideration in June, 1890, after its maturity, and this is a suit in equity for an accounting of the amount due on said note and to foreclose the mortgage given to secure the same. Appellant, on the 17th day of October, 1889, and before appellee became the owner of the note sued on, purchased of

said F. Smith six notes of $110 each, owned by him and executed by Arnsdorf & Leader, copartners, and one Fred Parent. These notes were duly indorsed by Smith to appellant. At their maturity, appellant sued the makers and Smith, the indorser of said notes, in the county court of Dakota county and obtained judgments against them. No execution was ever issued on said judgments. No stay of execution or appeal was taken, and the greater part, if not all, of said judgments remained, at the date of the trial of this case, unpaid. To the petition filed in this suit by the appellee the appellant pleaded the judgments of the county court as a set-off, alleging the insolvency of each of the judgment debtors at all times since the recovery of the judgments in the county court. The district court, by its decree, denied the set-off pleaded by appellant Jeep, and that is the ruling complained of here on this appeal.

There is no serious contention as to the appellee's ownership of the note. It is not claimed by the appellee that he purchased it before maturity. On the contrary, he expressly admits that he purchased it after it was due. This being true, appellee held the note subject to any set-off or other defense of Jeep's allowed by law. (Sec. 31, Code of Civil Procedure.) Set-off was not allowed at common law, but under our Code any set-off to the note which Jeep could have pleaded against Smith, had he sued the note, may be pleaded against Wilbur, the indorsee thereof, after maturity. (*Davis v. Neligh*, 7 Neb., 78.)

Section 104, Code of Civil Procedure, provides: "A set-off can only be pleaded in an action founded on contract, and must be a cause of action arising upon contract, or ascertained by the decision of a court." Wilbur's action is founded on contract, and the set-off pleaded by Jeep not only arose upon contract, but had been ascertained by the judgment of a court.

Section 106, Code of Civil Procedure, provides: "When cross-demands have existed between persons under such cir-

cumstances that if one had brought an action against the
other a counter-claim or set-off could have been set up,
neither can be deprived of the benefit thereof by the as-
signment or death of the other, but the two demands must
be deemed compensated so far as they equal each other."

In *Simpson v. Jennings*, 15 Neb., 671, it is said: "A
claim on the part of a defendant, which he will be entitled
to set off against the claim of a plaintiff against him,
must be one upon which he could, at the date of the com-
mencement of the suit, have maintained an action on his
part against the plaintiff." Jeep, at the time this suit was,
commenced, could have sued Smith on the judgments of the
county court. (2 Black, Judgments, sec. 958, and cases
there cited.) Jeep then, at the commencement of this action,
held a claim against Smith on which he could have main-
tained an action against him. It follows that the set-off
pleaded by Jeep came within both the letter and spirit of
the Code and within the construction placed thereon by this
court. But the record before us discloses the fact that all
of the defendants to the judgments pleaded by Jeep were in-
solvent, and had been since and before the rendition of the
judgments. This fact invested the court, sitting as it was
in equity, with power to set off the judgments of the ap-
pellant Jeep against the claim of the appellee Wilbur, even
if the appellant's case had not been provided for by statute.
(*Spear v. Dey*, 5 Wis., 193; *Pond v. Smith*, 4 Conn., 297;
*Thrall v. Omaha Hotel Co.*, 5 Neb., 295.)

One of the points made by the appellee here is, that
Jeep's judgments, being against the copartnership of Arns-
dorf & Leader, and against Parent as well as Smith, could
not be made a set-off to a claim against Jeep only; that is,
that the demands were not mutual and between the same
parties. Doubtless this is the rule in some states, but it is
not supported by the weight of modern authority. In *Se-
ligmann v. Heller Bros. Clothing Co.*, 69 Wis., 410, it was
expressly ruled: "A judgment against an insolvent firm

is a good, equitable set-off to a debt due to one of the partners from the judgment creditor."

Another contention of the appellee is, that Jeep's right of set-off was lost by a merger of the notes in the judgments. In *Baker v. Kinsey*, 41 O. St., 403, Baker, on April 1, 1873, gave his note to Blystone.    On the same day, Rummell, as principal, and Blystone, as surety, gave their note to Baker, who reduced it in due time to judgment.    Kinsey, as Blystone's indorsee, after due, sued Baker on the note given by him to Blystone.    Baker pleaded in defense his judgment against Rummell and Blystone, their insolvency at the date of and since the transfer of the note to Kinsey, and that his judgment was unpaid.    The case went up on exception to the instructions of the trial court to the jury, and the supreme court ruled : 1. That the jury should have been instructed, if they found the judgment debtors of Baker insolvent, as pleaded, to set off Baker's judgment against Kinsey's claim; 2. That the merger of Baker's notes into judgment did not preclude him from resorting to the original demand for the purpose of enabling him to assert the set-off.    The facts in that case are substantially the same as in the case at bar, and the decision announced in the Ohio case is decisive of this appeal.

This action is to be tried and determined in all respects as if it had been brought by Smith himself.    It appears from the record that at the time of the trial Jeep was in danger of and would probably lose the entire debt owing him by Smith and others; yet by the decree of the court Jeep is compelled to pay a debt due from him to Smith, who is insolvent.    The injustice of this is manifest.    We cannot render a decree in this court, as we are not able to ascertain from the record just what amount is due to Jeep on his judgments.    The decree appealed from is reversed and the cause remanded to the district court with instructions to it to ascertain the amount due and unpaid on the judgments held by Jeep against Smith and others, and to set

off that amount against the claim held by Wilber against Jeep.

JUDGMENT ACCORDINGLY.

THE other commissioners concur.