## ZIBE JONES V. JOSEPH DRISCOLL.

FILED DECEMBER 7, 1895.   No. 5716.

1. **Appeal from Justice Courts:** TRANSCRIPTS. In error proceedings from a justice of the peace to reverse a judgment because it was alleged by affidavit that less than six jurors found the verdict upon which was based such judgment, the recitations of the transcript must prevail over contradictory statements embodied in the affidavit.

2. **Trial:** VERDICT: WAIVER OF OBJECTIONS. A litigant who does not object to mere irregularities in receiving a verdict, when the existence of such irregularities is known to him at the time they occur, cannot complain of them for the first time upon error proceedings in the district court.

3. **Contracts:** DAMAGES: SET-OFF. A cause of action arising upon contract may properly be pleaded by way of set-off in an action brought for the recovery of damages. Following *Raymond v. Green*, 12 Neb., 215.

ERROR from the district court of Sarpy county. Tried below before SCOTT, J.

*James Hassett* and *H. C. Lefler*, for plaintiff in error.

*James P. Grove, contra.*

RYAN, C.

This action originated before John Thomas, a justice of the peace of Sarpy county, and was afterwards transferred to W. A. Wooley, another justice of the peace. A judgment having been rendered in favor of the plaintiff by the justice of the peace last named, the defendant prosecuted error proceedings to the district court, wherein the judgment which had been rendered by the justice of the peace was reversed. In the petition in error upon which this reversal was had the grounds upon which the reversal was sought were stated in this language:

"First—Five jurors were sworn to try the said cause, and sat upon the trial thereof, but no verdict was rendered by said jury; but three members of the said jury were present in open court at the rendition of such alleged verdict purporting to be the verdict of the original jury sworn to try the cause.

"Second—After the jury were sworn to try the cause, the plaintiff, by his attorney, moved the court to strike the second part or division of the defendant's bill of particulars, the same filed as an offset for rental of twenty acres of land at three dollars per acre, with interest from the 23d day of January, 1891, and due December 1, 1891; and said motion was sustained by said justice and the defendant's set-off was stricken, against defendant's objection."

The transcript of the justice of the peace showed a return of a verdict by the jury. It also showed that one juror, by agreement, had been excused. No question is raised as to this particular juror, but it is insisted that there were present when the verdict was returned but four jurors. The transcript, however, only shows that, when the verdict was returned, the jury was asked if it was their verdict and four jurors responded in the affirmative. By affidavit an attempt was made to show that one juror in fact was not present, but the record discloses no objection made to receiving the verdict when it was returned, neither does it seem that the alleged irregularity existed or was urged at all until it was presented for consideration in the district court. This was too late. (*Wasson v. Palmer*, 13 Neb., 377; *Scott v. Waldick*, 12 Neb., 5.) The above quotation from the averments of the petition in error, passed upon in the district court, sufficiently describes the counter-claim as it appears elsewhere in the record; but the transcript considered in the district court, which is certified to this court, begins with a recitation of the receipt by Mr. Wooley, as a justice of the peace, of a transcript of the docket of Mr. Thomas, another justice of the peace, and of

the papers in this cause.   This is followed by a minute showing when the cause was set for trial, and that notice thereof had been given the parties.   Immediately succeeding is a copy of the answer of the defendant, and then, in due order, the further proceedings in the case.   Nowhere, however, are we able to find any description of the nature of the plaintiff's cause of action.   Evidently the justice of the peace who tried the case certified only as to the docket entries originally made by himself, and omitted to show the nature of the record made by the justice of the peace before whom the action was begun.   By this oversight, most likely, the bill of particulars was omitted from the transcript filed in the district court.   This, however, is not specially material, for, even if suit was commenced for the recovery of damages, it was proper to set up by way of a set-off any cause of action arising upon a contract which, before the commencement of the action, was held by the defendant. (Code of Civil Procedure, sec. 104 ; *Raymond v. Green*, 12 Neb., 215.)   In any view we take of this case, therefore, the judgment of the district court was correct and accordingly it is

AFFIRMED.