R. E. FISH, APPELLEE, v. TOM SUNDAHL, APPELLANT.

FILED OCTOBER 22, 1908.  No. 15,325.

Set-Off: ACTION ON NOTE. S. executed to F. & B., a partnership, his negotiable promissory note which said firm discounted, but later, after the note matured, again became the owner thereof. Thereafter said firm dissolved, and, upon a division of its assets, said note became the property of F., one of said partners, who brought suit against S. thereon. S. set up a contract which he alleged had been made between himself and said firm upon which he claimed there was more due him than the balance unpaid upon said note, and asked judgment therefor. *Held*, under section 106 of the code, that if the contract pleaded by S. was made, and there accrued to him a cause of action thereon after the maturity of said note and during the time that F. & B. owned it, to said extent, as against said firm or its members, the note was satisfied, and that S. was entitled to make said defense in this case.

APPEAL from the district court for Wayne county: JOHN F. BOYD, JUDGE. *Reversed.*

*F. A. Berry,* for appellant.

*H. E. Siman, contra.*

ROOT, C.

Suit for a balance alleged to be due upon a promissory note executed by defendant to Fish & Brugger, a partner-

ship, and indorsed by said firm to plaintiff, who was a member thereof. Defendant admitted the execution of said instrument, but alleged that in July next preceding the making thereof he purchased from the J. I. Case Threshing Machine Company, through Fish & Brugger, its agents, certain chattels for the agreed price of $2,611.-50, and as partial payment thereof delivered to Fish & Brugger an engine and separator at the agreed price of $850, leaving a balance of $1,761.50 due thereon; that, to induce defendant to make said purchase, said firm agreed with him that, if he would pay said company about October 15 the balance due on said machinery in cash, and Fish & Brugger were able to sell the second-hand engine and separator for $850, said agents would procure said company to discount defendant's bill 10 per cent. Defendant alleged his performance, and that said machinery had been sold by said firm for $850; that Fish & Brugger had collected the 10 per cent. discount from said company, but had not accounted to defendant therefor, and prayed judgment for said $261.15. The trial judge instructed the jury to find for plaintiff, and defendant appeals.

We are convinced that the learned trial judge erred in said direction. Although the pleadings are crude and the evidence somewhat uncertain, the proof tends to establish that Fish & Brugger, to induce defendant to purchase an engine and separator from the threshing machine company for the consideration of $2,611.50, agreed to take from defendant his old engine and separator, and to sell it, if possible, for $850, and to credit defendant in that sum on the purchase price of the new machinery, and, if Sundahl would pay the balance of his said bill in cash on or before October 15, 1903, that they would secure for him a discount of 10 per cent. upon the purchase price of said chattels from said company. When defendant settled, he did not have the cash, but gave the note in suit, which was discounted at a local bank, and thereby said company received its money. Brugger testified that the firm traded

the old engine and separator for other chattels and notes, so that but $825 were realized therefrom, but he is not altogether definite, and it appears from the testimony of defendant's brother that Brugger had stated to him that the engine and separator netted said firm more than $850. The agreement of Fish & Brugger was collateral to that entered into between the machine company and defendant, and the consideration was sufficient. So far as the machine company was concerned, it was immaterial whether the cash received was acquired by defendant from the sale of property or the negotiation of notes. Counsel argues that any claim that defendant might have would be against the firm of Fish & Brugger, and that such a demand could not be set off against Fish. Granting that counsel's position is sound, as a general proposition, yet he overlooks the fact that the indorsements on the note and the oral evidence prove that this instrument, although negotiated by Fish & Brugger, later became its property after said note matured, and, upon the dissolution of said firm, was indorsed to Fish, one of the partners, who had personal knowledge of the contract between said firm and defendant. Section 106 of the code provides: "When cross-demands have existed between persons under such circumstances that if one had brought an action against the other a counterclaim or set-off could have been set up, neither can be deprived of the benefit thereof by the assignment or death of the other, but the two demands must be deemed compensated, so far as they equal each other." If during the time Fish & Brugger owned said note and after its maturity defendant had a right to hold said firm for a discount then due defendant, or for damages because of the firm's failure to procure that discount for him, then, to the extent of said discount or damages, the note would be satisfied, and, while defendant could not recover judgment against Fish therefor, he could diminish plaintiff's recovery in this action to that extent. We think that there was sufficient evidence in the record to justify submitting the questions of fact to the **jury.**

We therefore recommend that the judgment of the district court be reversed and the cause remanded for further proceedings.

Fawcett and Calkins, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings.

Reversed.