JAMES A. STONE, APPELLEE, v. MARY C. SNELL ET AL.,
APPELLANTS.

FILED APRIL 9, 1910.   No. 15,830.

1. Election of Remedies. If one who is entitled to rent from the oc-
cupant of real estate prosecutes an action of forcible entry and
detainer and other actions hostile to the possession of the occu-
pant, and fails in said actions, this will not constitute such an
election of remedies as to defeat his subsequent claim for rent.
He is not precluded from resorting to a remedy which the law
gives him because he has attempted to avail himself of one to
which he was not entitled.

2. Vendor and Purchaser: CONVEYANCE: RENTS. A sale and convey-
ance of real estate transfers all of the interest of the grantor in
the land, including rents not then accrued.   .

3. Judgment: SET-OFF. A court of equity may in its discretion allow
a set-off of a claim against a judgment upon the ground of the
insolvency of the judgment creditor.

4. Landlord and Tenant: ACTION FOR RENT: SET-OFF. An unsuc-
cessful attempt to evict a tenant by a landlord will not defeat
his claim for rent, although damages caused by wilful inter-
ference with the rights of a tenant may reduce his liability for
rent.

5. Appeal: DAMAGES: REVIEW. When a claim for damages has been
disallowed by the judgment of the trial court, it is the duty of
the party appealing therefrom to point out in his brief the evi-
dence in the record, if any, supporting his claim and from which
the amount of alleged damages can be computed.

6. Judgment: SET-OFF. In an action in equity to set off a claim of
plaintiff against a judgment, the lien of attorney for services in
procuring the judgment will not be allowed to reduce the
amount of the set-off, if the judgment is sufficient to satisfy both
the set-off and the attorney's lien.

APPEAL from the district court for Greeley county:
JAMES N. PAUL, JUDGE. *Affirmed.*

*J. R. Swain, John E. Kavanaugh* and *T. J. Doyle,* for
appellants.

*J. A. Price, G. W. Scott* and *H. C. Vail, contra.*

SEDGWICK, J.

In March, 1902, one Godkin was the owner of a tract of land in Greeley county, and then leased the same to this defendant, Mary C. Snell, for a term of one year for the agreed rental of $200. Before that time there had been negotiations between Mr. Stone, the plaintiff herein, and Mr. Godkin in regard to the purchase of the land by Mr. Stone. These negotiations finally resulted in the sale of the land to Mr. Stone and a conveyance thereof pursuant to said sale. At the time of the lease to Mrs. Snell the negotiations between Mr. Stone and Mr. Godkin had proceeded so far that Mr. Stone claimed that his right to the land was prior to Mrs. Snell's lease, and afterwards Mr. Stone began an action of forcible entry and detainer against Mrs. Snell to recover the possession of the premises. He was defeated in that action and appealed to the district court, and was again defeated. He also instituted against Mrs. Snell an action in the district court for Greeley county, in which he attempted to enjoin her from using the land and from interfering with his right to the use of the land. In this action he was also unsuccessful. Mrs. Snell farmed the land for that season, and when the crops were matured Mr. Stone began an action of replevin against her to recover the crops. This action was afterwards appealed to the district court, and tried there, and judgment was rendered against Mr. Stone for a return of the property replevied, and, in case a return could not be had, for the value of the property and for damages amounting to $479.35. Upon Mr. Stone's appeal to this court that judgment was affirmed. *Stone v. Snell*, 77 Neb. 441. Afterwards Mrs. Snell applied to the clerk of the district court for Greeley county for an execution upon the judgment, and Mr. Stone brought this action against her and the clerk of the court, the object being to set off his claim for rent of the premises for the year that Mrs. Snell occupied the same, under her lease with Godkin, against the judgment, and to re-

strain the issuing of an execution until such set-off could be accomplished. The attorneys of Mrs. Snell answer in this action, alleging that they were entitled to liens upon the judgment for services rendered by them to Mrs. Snell in obtaining the same and other services. The amount of these liens as claimed exceeded the amount of the judgment. The attorneys asked that their liens might be allowed to the exclusion of Mr. Stone's claim of set-off against the judgment. Upon the trial the district court found in favor of the plaintiff, allowed the defendant's set-off, as claimed, determined the amount due to the respective attorneys, and allowed the same against that part of the judgment of Mrs. Snell in excess of the set-off allowed the plaintiff. From this judgment of the district court the defendant Mrs. Snell has appealed to this court.

1. The defendant claims that the forcible entry and detainer suit and the replevin and injunction suits are inconsistent with the plaintiff's claim of rent, and that by prosecuting those suits the plaintiff has elected his remedy, and is now estopped to claim rent for the premises. The result of the prior litigation was to determine that Mrs. Snell's lease gave her a right of possession during its continuance which was superior to the claim of Mr. Stone, and that he therefore had no right in the premises which he could assert against the lease of Mrs. Snell. This being the case, it has been adjudicated that Mr. Stone attempted to avail himself of a supposed remedy to which he was not entitled. Such a mistake is not an election of remedies. "One is not precluded from resorting to a remedy which the law gives because he has attempted to avail himself of one to which he was not entitled." *State v. Bank of Commerce,* 61 Neb. 22. *Pekin Plow Co. v. Wilson,* 66 Neb. 115; *Turner v. Grimes,* 75 Neb. 412.

2. It is next contended by the defendant that the purchase of the real estate by Mr. Stone and the conveyance to him did not assign Mr. Godkin's interest in the lease with Mrs. Snell. This contention also has been deter-

mined against the defendant by the former decisions of this court. In *Eiseley v. Spooner,* 23 Neb. 470, it was held that a deed of real estate conveys all the interest of the grantor in the land, including rents not then accrued.

3. It is also urged by the defendant that the plaintiff's claim for rent "could in no event become the subject of equitable set-off." The reason given is that it was "unliquidated, and not reduced to judgment." The lease fixed the amount of the rent at $200 for the term. In this state it has been frequently held that if a defendant holds claims against the plaintiff arising upon contract, and on which he could have maintained an action against the plaintiff at the time of the commencement of the suit against him, he may set off the same against the plaintiff's claim. *Wilbur v. Jeep,* 37 Neb. 604. The quotation in that case from *Simpson v. Jennings,* 15 Neb. 671, probably restricted the right of set-off unnecessarily. Even though the defendant's claim against the plaintiff is barred by the statute of limitations, he may still use it as a set-off if both claims have existed at the same time. By section 106 of the code such "demands must be deemed compensated, so far as they equal each other." *Fish v. Sundahl,* 82 Neb. 541. In the case at bar defendant's judgment and plaintiff's claim for rent stipulated in the lease existed at the same time. They were both upon contract. Either party could have maintained an action on his claim. *Wilbur v. Jeep, supra.* If defendant had begun an action on her judgment, there would be no doubt of the right to set off the liquidated claim arising upon contract of lease. It is alleged in the petition that the defendant is wholly insolvent. There was evidence to suport this allegation, and no other evidence was offered. This is the ground urged as the basis for equitable set-off. It has been frequently decided by this court that "the insolvency of a party against whom a set-off is claimed is a sufficient ground for a court of chancery to decree such set-off in cases not provided for by statute." *Thrall v. Omaha Hotel Co.,* 5 Neb. 295. It is clear that

the court was right in allowing this set-off against the judgment. *Wilbur v. Jeep, supra; Richardson v. Doty*, 44 Neb. 73; *Commercial State Bank v. Ketchum*, 1 Neb. (Unof.) 454. The case last cited is very similar to the case at bar. . Set-off may be allowed in the discretion of the court even when the demands are not liquidated. In this case the judgment was for the value of crops raised upon the land during the term for which the rental, which was set off against the judgment, accrued.

4. It is next contended that, "Stone having evicted the tenant from the premises during the term of the lease and this being admitted, he could not restrain or sue for rent." The record does not show that defendant was evicted. So far as we can discover, Mrs. Snell was successful in her litigation with Mr. Stone until the present action.

5. It is claimed that the damages sustained by Mrs. Snell by reason of Stone's interfering with her possession exceeds the amount of rent stipulated in the lease. If Stone wilfully interfered with the free use of the premises and caused damages to the tenant thereby, it would seem reasonable that such damages should so far reduce his claim for rent. The defendant alleged such damages in her answer, but she has not in her briefs referred to any evidence supporting those allegations. Upon the trial the parties stipulated that the bill of exceptions and records in other cases should be considered by the court, and it appears that an indiscriminate mass of papers was offered in evidence. There is nothing in the brief to indicate that defendant's attorneys have looked through this collection to ascertain whether there is anything to show how much Mrs. Snell's rights under the lease suffered by these acts of plaintiff, and we have not seen any evidence from which her alleged damages can be computed.

6. The defendant insists that the claims for attorneys' services were prior to the plaintiff's right of set-off and that therefore the amount allowed the attorneys by the court should have been deducted from the plaintiff's set-

off. The amount of the attorneys' liens so fixed by the court was within the amount still remaining on the defendant's judgment after allowing the plaintiff's set-off as claimed. Therefore the decree of the court allowing the set-off does not interefere with the liens of the attorneys.

We have found no error in the record requiring a reversal of the decree of the district court, and it is therefore

AFFIRMED.