State, ex rel. Davis, v. Farmers State Bank.

---

STATE, EX REL. CLARENCE A. DAVIS, APPELLANT, V. FARMERS STATE BANK: H. C. PETERSON, RECEIVER, APPELLANT: THOMAS E. WILLIAMS, CLAIMANT, APPELLEE.

FILED MAY 1, 1925.   No. 24544.

1. **Banks and Banking:** LIABILITY OF STOCKHOLDERS: ENFORCEMENT. The double liability of stockholders in a state bank, pro-

vided for in sections 4 and 7, art. XII of the Constitution, cannot be enforced until the property of the bank has been exhausted, and the amount due thereon has been judicially determined. *Bodie v. Pollock*, 110 Neb. 844.

2. ———: ———: ———. When a bank has become insolvent,. a receiver appointed, the assets of the bank sold and applied, and the amount due on stockholders' liability judicially determined, the receiver of such bank may prosecute an action to recover same, under the supervision of the court. That part of the opinion in *Hamilton Nat. Bank v. American Loan & Trust Co.*, 66 Neb. 67, which is in conflict herewith, is overruled.

3. Judgment: EQUITABLE SET-OFF. "Where peculiar equities intervene between the parties, a court of equity may enjoin the collection of a judgment until the debtor litigates an unliquidated claim against his creditor, and if the debtor succeeds the court may set off the judgments so far as one may equal the other." *Wells v. Cochran*, 88 Neb. 367.

APPEAL from the district court for Morrill county: P. J. BARRON, JUDGE.. Reversed.

*T. F. Neighbors* and *C. M. Skiles,* for appellants.

*Hainer, Craft, Edgerton & Fraizer* and *McDonald & Erwin, contra.*

Heard before ROSE, DEAN, GOOD, THOMPSON, and EVANS, JJ., REDICK and SHEPHERD, District Judges.

THOMPSON, J.

In this case, the record shows that on or about June 27, 1916, in Bayard, Morrill county, the Farmers State Bank of Bayard was incorporated under the state banking laws, with a capital stock of $25,000. It continued to do a general banking business up to February, 1922, when it became insolvent, and the department of trade and commerce took possession. Lawrence A. Fricke was duly appointed receiver thereof by the district court for such county, and he proceeded to wind up its affairs as by law provided. On or about February 18, 1924, the receiver applied to the court for an order directing him, as such, to sell all remaining assets of the bank, which order was granted, sale had, report made, which was in all things approved.

Williams, appellee herein, who will hereinafter be referred to as claimant, at the time of the organization of the bank, became the owner of 80 shares of the capital stock thereof, of the face value of $100 a share, and has been ever since the owner of such stock. He was also a depositor in such bank in due course, to the amount of $2,244.73 in cash. He presented a claim for this amount to the receiver for payment, which was not granted, and he then, by apt pleading, lodged his claim with the district court, praying that the same be allowed and judgment entered against such bank and ordered paid out of its funds in the hands of the receiver, if sufficient, and, if not, then out of the guaranty fund.

The state, through the receiver, answered, in substance, alleging the foregoing facts as to the history, condition, and the situation of the bank and its assets, and the ownership of the 80 shares of stock by claimant, the insolvency of the bank and of claimant, and that, owing to such condition, it will be necessary to enforce, as against each stockholder, the double liability imposed by the Constitution; that claimant assigned the claim to the receiver, to be applied on his stock liability; that the only property had or held by claimant out of which such stock liability can be satisfied is this claim which he seeks to have allowed; that he is also liable to the bank as indorser on two notes of $5,000 each. The answer prays, in substance, that, in the event the assignment referred to is held to be no bar to claimant's right to recovery, and it is found that under the present status of the trust the amount due claimant on the deposit cannot be offset against the amount owing by him on the stockholder's liability or indorsed notes, he be enjoined from collecting the amount due him until his stockholder's liability is judicially determined, and, on the final determination thereof, the one be offset against the other, and for other equitable relief.

The reply is, in substance, a general denial, with an allegation that the sale of the remaining assets does not in

any way affect the rights of claimant, he being a general depositor.

The record further shows that the total liabilities to creditors found unpaid were nearly $200,000, with all assets exhausted, the stockholders' liability being the only remaining asset holden for the payment of creditors; that the deposits covered by the guaranty fund and paid out of it were about $125,000.

Trial was had to the court, judgment entered finding generally for claimant and against the state, and ordering the judgment paid by the receiver from the assets of the bank, if sufficient, and, if not, from the guaranty fund. To reverse this judgment, the state appeals, presenting as grounds for reversal:

That the court erred in not finding that claimant's assignment of his claim was valid; in not finding him holden as indorser on the $5,000 notes; in not offsetting the amount due from him on his stock liability; and in not enjoining the collection of the judgment until suit could be brought on the stockholders' liability, wherein all questions involved could be considered by the court, and the amount found due creditors thereon offset against such claims.

As to the assignment of the claim, the record discloses that claimant, from his close association with the management of the bank, was possessed of full knowledge of its condition at the time of such assignment, and before, and knew that the trust was without assets to meet its liabilities to its creditors, and that the stockholders would be called upon to pay the constitutional double liability; hence, when asked by the receiver, he voluntarily executed the assignment, in order to expedite the closing of the trust. While this was done without legal consideration running to him, it was in fact an indication of his view of what in good conscience he should do under the then circumstances, which were afterwards disclosed in evidence, as heretofore indicated, and was competent evidence tending to support the state's contention that the deposit should be offset against his stock liability, if in a proper proceeding it was con-

sidered that he was liable thereon to the bank's creditors. Thus, the same will be held in mind when we are considering the last proposition presented for reversal.

As to the indorsement of the $5,000 notes, we find that the consideration for such indorsement failed, and the state was not entitled to recover by reason thereof, and the court did not err in so finding.

Taking up the third point, we have held in *Bodie v. Pollock*, 110 Neb. 844: "Sections 4 and 7, art. XII of the Constitution, are self-executing when considered together, as they have been and should be; and, so considered, they form a complete constitutional rule to the effect that, while stockholders in banks are subject to the double liability set out in said sections, such liability cannot be enforced until the property of the bank has been exhausted, and the amount justly due judicially determined."

In the case before us, the remaining assets, as we have seen, had been legally determined, sold, and the proceeds exhausted, prior to the trial hereof, and the amount of the liabilities remaining unpaid shown in evidence. However, the amount justly due and unpaid had not then been "judicially determined." Hence, the foundation necessary to the making of the offset of stock liability on the deposit was not present, and the court did not err in so considering. If the amount due on the stockholders' liability had been judicially determined, one creditor, in behalf of himself and all other creditors, or the receiver of such bank, under the direction of the court, could prosecute an action to recover same. Section 8038, Comp. St. 1922, provides: "Every receiver, immediately upon taking possession, * * * may, if necessary, enforce the liabilities of stockholders, officers, or directors." See, also, *Farmers Loan & Trust Co. v. Funk*, 49 Neb. 353; *State v. German Savings Bank*, 65 Neb. 416. That part of the opinion in *Hamilton Nat. Bank v. American Loan & Trust Co.*, 66 Neb. 67, wherein it is held that "a receiver can proceed to the enforcement of such liability only at the instance of the creditors themselves" is out of harmony with our holdings above cited, and is in direct

conflict with section 8038, *supra,* and to that extent is over-ruled.

This brings us to the last contention of appellant, that the court erred in not enjoining the collection of the judgment until suit could be brought on the stock liability of the different stockholders, wherein all questions involved could be considered by the court, and the amount found due the creditors by claimant offset against the judgment in his favor herein.

Among the creditors is the guaranty fund, in the amount of $125,000, for, by reason of such payment, it became subrogated to the rights of creditor depositors, in that amount, as provided in section 8035, Comp. St. 1922, and announced in *State v. Farmers State Bank,* 103 Neb. 194. It should not be required to pay claimant, when at the same time he is indebted to it in a greater amount, is insolvent, and unable to pay the debt to the trust owing by him, at least until a reasonable time and opportunity are given for a hearing on that question. To permit such would be to aid fraud, rather than prevent it, and would serve to defeat the ends of justice. Courts are instituted to administer justice to protect the rights of litigants, and not hold one in abeyance while the other robs him of rights guaranteed under the law. Such cases may be without statutory protection, yet equity, through its inherent powers, "has jurisdiction to restrain a judgment creditor from collecting his judgment against the judgment debtor, until a claim of the latter against the former has been judicially established, and then to permit an equitable offset of the one against the other, where the judgment creditor is either insolvent, or has no property out of which the judgment debtor can collect his claim, or has secreted his property in order to defeat the claim of the judgment debtor, the judgment debtor, in asserting his claim, being free from negligence." *Wells v. Cochran,* 88 Neb. 367, note to 35 L. R. A. n. s. 142. We followed the rule announced in *Thrall v. Omaha Hotel Co.,* 5 Neb. 295, wherein it is held: "The insolvency of a party against whom a set-off is claimed is a sufficient ground for

a court of chancery to decree such set-off in cases not provided for by statute." This rule was quoted with approval in *Richardson v. Doty*, 44 Neb. 73. The third paragraph of the syllabus in *Stone v. Snell*, 86 Neb. 581, is as follows: "A court of equity may in its discretion allow a set-off of a claim against a judgment upon the ground of insolvency of the judgment creditor." And in *Wells v. Cochran*, 88 Neb. 367, we held: "Where peculiar equities intervene between the parties, a court of equity may enjoin the collection of a judgment until the debtor litigates an unliquidated claim against his creditor, and if the debtor succeeds the court may set off the judgments so far as one may equal the other." In *Central Appalachian Co. v. Buchanan*, 90 Fed. 454, it is held: "That a claim is unliquidated is no objection to its being made the subject of a set-off in equity, where the party against whom it exists is insolvent. Under such circumstances, the court will restrain the enforcement of the demand against which it is to be applied, until the cross-demand can be liquidated."

It is therefore considered that the district court erred in not enjoining the collection of the judgment in favor of claimant, until his stockholder's liability could be judicially determined, and offset had, and its judgment should be, and hereby is, set aside, and the cause is remanded for further proceedings in harmony with this opinion.

REVERSED.

Note—See Banks and Banking, 7 C. J. secs. 89 (1926 Ann.), 110.